THOMAS SMITH, Appellant, *v.* THOMAS ISAAC SMITH et al., Appellants, et al., Respondents.

The will of S. gave the use and income of his real estate, one-half to P., the other half to I., during life, but in either case not to exceed twenty years from the testator's death. In case I. died before the expiration of the twenty years the "use and income" of his half, was given "to the eldest male issue  *  *  *  then surviving" of T. and A. In case I. survived the twenty years the whole of the real estate was given to him on condition that he pay certain legacies; if he died before the expiration of the twenty years the real estate was devised to "the eldest male issue" of T. and A. upon the same condition and subject to the interest given to P. His residuary estate the testator gave to his executors upon certain trusts and upon the expiration thereof to beneficiaries named. P. died three years after the testator. I. died thereafter and within the twenty years; at his death T. and A. had no issue living, but thereafter a son was born to them. In an action for the construction of the will, *held*, that as T. and A. had no male issue living at the time of death of I., the devise to their "eldest male issue" lapsed, and the real estate went, not to the heirs of the testator, but into the residuary estate and passed under the residuary clause.

(Argued December 21, 1893; decided January 16, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made September 11, 1893, which affirmed a judgment construing the will of Isaac Smith, deceased, entered upon a decision of the court on trial at Special Term.

The nature of the action, and the facts, so far as material, are set forth in the opinion.

*Josiah T. Marean* for appellant. The action will lie. (Code Civ. Pro. § 1866; *Anderson* v. *Anderson*, 112 N. Y. 112; *Adams* v. *Becker*, 47 Hun, 65; *Drake* v. *Drake*, 41 id. 366, 372; 134 N. Y. 220; *Read* v. *Williams*, 125 id. 566.) Issue in this will means children. (*Palmer* v. *Horn*, 84 N. Y. 519; *Soper* v. *Brown*, 136 id. 249; 2 Jarman on Wills [5th Am. ed.], 639; 3 id. 236, 237.) There can be no doubt that under the devise in question the eldest son is to be sought, not at the testator's death, but at the death of Isaac Smith, 2d. (*Jones* v. *Colbeck*, 8 Ves. 38; *Delaney* v. *McCormack*, 88 N. Y. 174; *Hobson* v. *Hale*, 95 id. 614; *Smith* v. *Edwards*, 88 id. 104.) A devise to a person answering a certain description does not fail because no person is *in esse* answering the description when the devise, but for that fact, would vest (whether in interest merely or in possession), but if the description is such that he may yet come *in esse* the gift awaits his advent, vesting immediately in the first object which thereafter comes *in esse* bearing the prescribed marks of identity, heirs or residuary devisees taking in the interim. (1 Jarman on Wills [5th Am. ed.], 598, 599; 2 id. 721, 725, 728, 729, 730, 782; *Godfrey* v. *Davis*, 6 Ves. 43; *Wyndham* v. *Wyndham*, 3 B. C. C. 58.) The question is whether, in the gift of the *corpus*, the words "then surviving," though not expressed, are to be understood and interpolated. The verbal connection between this gift and the prior gift of the use and income of one-half is not such as to require or warrant such interpolation. (*Patchen* v. *Patchen*, 121 N. Y. 432; *Mullarkey* v. *Sullivan*, 136 id. 227; *Jennings* v. *Conboy*, 73 id. 230, 237; *Manox* v. *Greener*, L. R. [14 Eq.] 456; *Stewart* v. *Garnett*, 3 Sim. 398.) The court below did not dissent from the interpretation of the devise contended for, but while admitting that the testator intended the devise to await the advent of a son, if there was none *in esse* at the death of Isaac, 2d, held it void for the reason that it suspended the absolute power of alienation for more than two lives. That proposition is untenable. (*Crooke* v. *County of Kings*, 97 N. Y. 421, 436; *Provost* v. *Provost*, 70 id. 141.)

*George M. Baker* for appellant.   The devise over upon the
death of Isaac Smith, 2d, must fail.   (1 R. S. 722, §§ 14, 15.)
The devise over upon the death of Isaac Smith, 2d, failing,
the fee descended to the heirs at law and did not pass to the
residuary legatees.   (*Lamb* v. *Lamb*, 131 N. Y. 234; *Kerr* v.
*Dougherty*, 79 id. 348 ; *Bowditch* v. *Ayrault*, 138 id. 229.)

*Thomas Young* for respondents.   If the testator referred
to a male child to be born after the death of the devisee, Isaac
Smith, 2d, then the effect of such construction is that the
estate is tied up for an indefinite period not measured by
specified lives, and is, therefore, void.   (*Purdy* v. *Hayt*, 92
N. Y. 456 ; *Schettler* v. *Smith*, 41 id. 334; *Taylor* v. *Gould*,
10 Barb. 398 ; *Burrill* v. *Boardman*, 43 N. Y. 259 ; *Brad-
ley* v. *Kulm*, 97 id. 35.)   The residuary clause carries the void
devise the same as it would a lapsed legacy.   (*Cruikshank* v.
*Home, etc.*, 113 N. Y. 338 ; *In re Crossman*, Id. 510 ; *In re
Bonnet.* Id. 524.)

EARL, J.   This action is for the construction of the will of
Isaac Smith, deceased, and the clauses to be construed are the
following :

" *Twentieth.*  I give and bequeath to said Sarah A. Parish the
use and income of the one equal half of all the real estate that I
may die seized of, during her life, but not to exceed the full
term of twenty years after my death, and it is my will that the
said Sarah A. Parish shall cut no more wood off of said prem-
ises than will be necessary to keep the buildings and fence in
good repair.

" *Twenty-first.*  I give and bequeath to Isaac Smith, the son
of my nephew, Thomas Smith, the use and income of the
remaining one equal half of my real estate during his life, but
not to exceed the full term of twenty years after my death ; it
is my will that the said Isaac Smith shall not cut any more
wood off of the premises than will be necessary to keep the build-
ings and fence in good repair.   And in case the said Isaac Smith
should chance to die before the expiration of twenty years after
my death, I give the use and income of said last-mentioned

half part of my real estate to the eldest male issue of Thomas and Anna Smith then surviving, and if it so be that the said Isaac Smith does live for the full term of twenty years after my decease, then and in that event, I give, devise and bequeath the whole of my real estate to the said Isaac Smith, upon the condition that he pays to his surviving brothers and sisters and their issue in equal shares the sum of three thousand dollars, the issue to take their parent's share. In case the said Isaac Smith should die before the expiration of the said twenty years after my decease, I then and in that event give, devise and bequeath the said farm and real estate to the eldest male issue of Thomas and Anna Smith, upon the same conditions with reference to the charge of three thousand dollars, and subject to the estate herein given to Sarah A. Parish.

" All the rest, residue and remainder of my estate I give and bequeath to my executrix hereinafter named and her successor and successors in trust, to invest in such securities as are considered safe and proper for trustees, and out of the income thereof first to apply to the use of Sarah A. Parish and Isaac Smith, and the survivor of them, but not to exceed the term of twenty years after my decease, such sum as may suffice for the payment of all taxes and assessments which may be levied on my said farm and real estate from time to time during the period of the estate hereby given to the said Sarah A. Parish and Isaac Smith, and also the sum of three hundred dollars per annum for the purpose of purchasing manure to be used on said farm, and all necessary and proper sums of money to keep the buildings and improvements on said farm and real estate in good tenantable order and repair ; and second to apply the residue of said income annually in equal shares to the use of the children of Thomas Smith and Daniel W. Smith, in equal shares annually, until the death of Sarah A. Parish and Isaac Smith, when this trust shall end and terminate unless sooner terminated by the twenty years' limitation above declared. Upon the death of the said Sarah A. Parish and Isaac Smith, or sooner determination of the trust hereinbefore created, I give and bequeath my said residuary estate in equal

shares to the children of my nephews, Thomas Smith and Daniel W. Smith, who may be then living, and to the issue of any of such children who may then be deceased, such issue taking his or her parent's share."

The testator died June 28th, 1878, Sarah A. Parish died December, 1880, and Isaac Smith died May 27th, 1890. At the latter date Thomas and Anna Smith had no issue living, and their eldest son, thereafter born, is the appellant Thomas Isaac Smith, who was born March 13th, 1892. He claims all the real estate as devisee thereof on the ground that he is the eldest male issue of Thomas and Anna Smith. The appellants Thomas and Daniel W. Smith are nephews of the testator, and, as such, his only heirs at law and next of kin, and they claim that the devise of the real estate upon the death of Isaac Smith lapsed; that it did not pass to their children under the residuary clause; that the testator died intestate as to it, and that they take the whole of it as heirs and next of kin. The respondents are the residuary devisees, and they also claim that the devise of the real estate upon the death of Isaac lapsed, and that it passed to them under the residuary clause, and the court below has upheld their claim, and, we think, correctly.

Sarah A. Parish having died within twenty years after the death of the testator, the provision for her needs no attention now. Isaac Smith was to have the use of one-half of the real estate for his life, but not exceeding the term of twenty years. If he died within the term the use of the one-half of the real estate given to him was to go to " the eldest male issue of Thomas and Anna Smith then surviving." If he survived the term then he was to have the whole of the real estate, and if he died during the term then the whole of the real estate was to go " to the eldest male issue of Thomas and Anna Smith." We think the testator had reference to the same person and the same time in the two clauses when he speaks of the eldest male issue surviving and the eldest male issue. He did not mean, upon the death of Isaac within the term, to give the income to one person to be ascertained at a definite time, and

the *corpus* to another person to be ascertained at another future and uncertain time. He had in mind a definite time when the estate was to vest, and did not mean that at the death of Isaac the real estate was to vest as intestate property in his heirs or under the residuary clause in the residuary devisees, and then at some uncertain and perhaps distant time to be divested, and vest in male issue then born. If he had so intended, he would probably have made some provision for the disposition of the real estate intermediate the death of Isaac and the birth of male issue of Thomas and Anna Smith. It is a very obvious and natural construction of all the language used to read it as if the words " then surviving " were repeated in the second clause after the words " Thomas and Anna Smith."

Therefore, as Thomas and Anna Smith had no male issue at the death of Isaac, there was no one to take the devise and it lapsed. What became of it ? Clearly it passed under the residuary clause. It is a general, sweeping residuary clause, and carries everything not before effectually disposed of. (*Cruikshank* v. *Home, etc.*, 113 N. Y. 337; *Matter of Crossman*, Id. 503 ; *Matter of Bonnet*, Id. 522.) Such is the general rule, and we should not, by engrafting exceptions upon it, or by subtile refinements and distinctions, render the construction of wills difficult and uncertain, and the rule should have full effect unless the testator by the language he uses manifests a plain intention to curtail its operation. The expectations of a testator and his intentions may be two different things. He never expects that any of the dispositions of his will are void, and he rarely expects that any of the devises and bequests will lapse. But when he attempts to dispose of all the property he may own at his death he never intends to die intestate, and he intends that a general residuary clause shall carry whatever as matter of fact or of law is not otherwise disposed of.

Our conclusion, therefore, is that the judgment should be affirmed, without costs to any party in this court.

All concur, except BARTLETT, J., not sitting.

Judgment affirmed.