CITY BANK FARMERS TRUST COMPANY, as Executor, etc., of JOHN W. STERLING, a Deceased Trustee, Plaintiff, Impleaded with CITY BANK FARMERS TRUST COMPANY, as Successor Trustee of the Trust Created under the Last Will and Testament of EDWIN S. CHAPIN, Deceased, and MYRA CARTER CHURCH, as Surviving Executrix, etc., of GEORGE H. CHURCH, a Deceased Trustee, Appellants, v. ALICE CHAPIN EVANS and Others, Defendants, Impleaded with JEAN C. VAN VRANKEN and Others, Appellants, Respondents, and EMILIE CLODIO and Others, Respondents.

First Department, June 24, 1938.

*Joseph W. Drake* of counsel [*Gerard T. Shevlin* with him on the brief; *Shearman & Sterling,* attorneys], for the appellants.

*Lester R. Bachner* of counsel [*Samuel S. Koenig* with him on the brief, attorney, guardian *ad litem*], for respondents-appellants Jean C. Van Vranken and other infant defendants.

DORE, J. Plaintiffs appeal from provisions of a judgment construing the will of Edward S. Chapin, deceased, and surcharging the trustees with respect to certain investments in the sum of $39,476.25 representing an amount equal to the aggregate cost of certain securities found by the referee appointed to hear and determine to be unauthorized investments. Plaintiffs, a successor trustee and the surviving executrix of a deceased trustee, brought this suit in equity asking that their accounts be settled and that article thirteenth of the decedent's will be construed to authorize the trustee to invest in securities that would be legal investments for trustees according to the laws of New York at the time of making said investments.

Article thirteenth of the will reads as follows:

" *Thirteenth.* I direct that my said executors and trustees have full power and authority, in their discretion, to keep the property, vested in them, invested in the same manner as I may leave it at my decease, or to sell or exchange the same, or any part thereof, and to invest in any government, State, county or city bonds, railroad bonds secured by mortgages, or shares of stock in corporation [*sic*] provided that such stock does not involve the holders in any personal liability greater than is imposed by the general railroad law of the State of New York, and to sell and buy such bonds and stock, from time to time, at their discretion, but for cash, and not upon margins, investing, disposing of investments and reinvest-

ing, at their discretion, in the said securities, as well as in any others that are now permitted by law to trustees."

The question of construction presented is whether by the provisions of this article the testator intended to limit the trustees to investments permitted by law to trustees at the date of the will, October 5, 1888; or whether he intended them to have the power to make investments in securities that were legal investments for trustees according to the laws of New York at the time the investments were made. Apparently all parties agreed that the broader construction was the proper one, but the referee reached a contrary conclusion, emphasizing particularly the words "now permitted by law" at the end of said article thirteenth. The essential issue is whether the provisions of article thirteenth are permissive or mandatory.

In our opinion a reading of the entire article plainly shows that the article is merely permissive and not mandatory. The clause, "I direct that my said executors and trustees have full power and authority, in their discretion," is the equivalent of stating that the testator gave the trustees full power and authority. The grant was a broad one. It permitted the trustees to keep the property invested as the testator had it at the date of his death, which could include investments that he had at the time whether they were investments authorized by law or not. He also authorized them to invest in government, State, county or city bonds and in railroad bonds secured by mortgages and in shares of stock of corporations provided they were not such as involved the holders in personal liability greater than that imposed by the General Railroad Law of the State of New York. He then authorized them to sell and to buy such bonds and stock in their discretion for cash, investing and reinvesting in all of the securities mentioned at their discretion. This was a grant of power which greatly enlarged the field of investment so as to include the specific securities mentioned and even the shares of stock of ordinary corporations (except stock of corporations that involved personal liability on the holders; *e. g.*, bank stock). After giving the trustees this ample permission to invest in a wide range of securities, the draftsman then added the clause on the basis of which the surcharge has been predicated: "as well as in any others [securities] that are now permitted by law to trustees." The referee seized upon the word "now" and made it the distinguishing feature of the will, making the clause one of limitation and restriction rather than what it actually is, a permissive clause, and interpreted it to mean only securities that were legal for investment in 1888. The last clause must be read in its context and not divorced therefrom. The whole context indicates

it was not intended to be a narrow restriction or limitation. In view of the language of the whole article it is inconsistent that the testator intended to exclude at some future date the making of an investment legal at that time and accordingly of a much more conservative nature than the common stock investment which appears to have been authorized.

The referee's conclusion is nullified by the assumption on which it necessarily reposes, namely, that article thirteenth is a restrictive clause and not a permissive grant of power. In the final analysis the test is the intention of the testator and a reading of the entire clause in question clearly indicates that the testator intended it as an authorization and not a limitation.

Accordingly we hold that the trustees had power and authority to make investments which at the time they were made were within the class permitted for trustees by law and should not be surcharged herein for any such investments.

Concededly the acts of the trustees were performed in the best of good faith.

The investments held by the referee to have been invalid and unauthorized are fifteen in number. Of these, seven, having at cost an aggregate value of $27,231.75, are conceded to be non-legal investments, and, although no objections were filed and no evidence submitted to show whether they were authorized, they are admitted to be not within the scope of the provisions of article thirteenth.

The referee's basis of surcharge was the aggregate cost of the securities. The trustees were directed to pay such cost into the principal of the trust estate and the judgment provided that on such payment the trustees were subrogated to the rights of the trust estate to such securities and the proceeds thereof.

Inasmuch as his wards would benefit by an affirmance of the judgment entered on the report of the referee, the guardian *ad litem* subordinated his personal opinion with regard to the construction of the will and adopted and supported on appeal the construction found by the referee. However, he filed a cross-appeal in so far as the judgment failed to provide that in the event any of the securities on which the surcharge was based were found to be of a market value greater than the cost, the trustees should have been further surcharged with any excess between the market value and the cost price in addition to the surcharge made. He relies on the general and accepted rule which forbids trustees to make a profit in dealing with property of the trust, and in addition to making good all losses requires the trustees to account for and pay over all profits. (*Matter of Bussman*, 187 App. Div. 574, 577; Perry on Trusts, pp. 710, 758 *et seq.*)

The trustee, on the other hand, contends that it is not the market value as of the date of the entry of judgment or the date of the account but the actual profit on unauthorized investments that determines the adjustment of the accounts. (*Baker* v. *Disbrow*, 18 Hun, 29; affd. on opinion below, 79 N. Y. 631; Restatement of the Law of Trusts, § 210, comment c.)

The guardian *ad litem* represents infant beneficiaries who are incapable of making an election and the court, therefore, makes on their behalf the election that is more advantageous to the beneficiary and more conducive to effectuating the purposes of the trust. Comment c under section 210 of the Restatement of the Law of Trusts in part reads as follows: "If the property purchased has fallen in value the court will ordinarily reject the purchase and charge the trustee with the amount of the trust fund expended in the purchase with interest thereon. If the property has risen in value the court will ordinarily affirm the purchase. If the court affirms the purchase it will usually require the trustee to sell the property, since it is not a proper trust investment, and with the proceeds to purchase proper trust investments." (3 Bogert on Trusts, § 708, p. 2094.)

Accordingly with regard to the bonds that were concededly non-legal investments at the time they were made the trustee is directed to sell such securities and account to the trust fund for any profits arising from the proceeds of the sale, and should be surcharged for the loss, if any, sustained by the trust fund by reason of such investments.

The judgment should be reversed as to the construction made and the surcharge adjusted accordingly.

O'MALLEY, GLENNON, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed as to the construction made, and the surcharge adjusted accordingly. Settle order on notice.