*G. R. Stobbs & L. E. Stockwell*, for the defendant.

ELLIOTT K. SLADE, trustee in bankruptcy, *vs.* WAITERS AND COOKS MUTUAL RELIEF ASSOCIATION INC. May 6, 1942. Order denying petition to establish report affirmed. This action of contract was brought in the Municipal Court of the City of Boston. The trial judge disallowed the plaintiff's claim of report. The plaintiff filed a petition to establish a report. Rule 30 of the Municipal Court of the City of Boston (1940). The petition was denied by the Appellate Division without opinion. The plaintiff appealed. The truth of the facts alleged in the petition or set forth in the draft report is not established. No ruling of law by the Appellate Division is shown by the record. There is nothing before us on this appeal. *Cohen* v. *Berkowitz*, 215 Mass. 68. *Sawsik* v. *Ciborowski*, 256 Mass. 583. See also *Patterson* v. *Ciborowski*, 277 Mass. 260, 264; *Squires* v. *Toye*, 291 Mass. 342; *Burick* v. *Boston Elevated Railway*, 293 Mass. 431, 435; *Santosuosso* v. *DellaRusso*, 300 Mass. 247, 250.

*F. W. Mansfield*, for the defendant.

*A. M. MacNeil & R. H. Klaman*, for the plaintiff.

JAMES G. WELSH & another *vs.* MAURICE P. SPILLANE, executor. May 11, 1942. Decree affirmed. This is a petition brought in the Probate Court against the executor of the will of Edward J. Welsh, late of Quincy, that he be ordered to discharge a mortgage held by the deceased of which the petitioners are mortgagors, by reason of a provision in the will of the deceased, following the naming of an executor, "I hereby authorize and empower my said Executor when appointed, to cancel & discharge any mortgages that stand in my name, and give proper discharges of the same." A decree was entered dismissing the petition, and the petitioners appealed. The evidence is reported, but there is no report of material facts. There was no error. While the words "authorize and empower" may in some circumstances be mandatory, they ordinarily import permission rather than command. They imply discretion. *Seeds* v. *Burk*, 181 Penn. St. 281, 290. See also *Jones* v. *Commissioners*, 137 N. C. 579, 590; *People* v. *Grant*, 58 Hun, 455, 457. Neither the context of these words in the will nor the circumstances disclosed by the evidence lead to the conclusion that these words are used other than in their ordinary sense. See *Barrus* v. *Kirkland*, 8 Gray, 512, 513; *Turnbull* v. *Whitmore*, 218 Mass. 210, 214. The provision of the will relied on by the petitioners is to be construed as permissive rather than mandatory.

*J. S. Vahey*, for the petitioners.

*P. C. Reardon*, for the respondent.