In the Matter of the Accounting of MARIE D. HILLIARD et al., as Surviving Trustees under the Will of THOMAS M. HILLIARD, Deceased.

Surrogate's Court, Westchester County, August 1, 1950.

*Sydney G. Soons* and *Howell D. Boyd* for surviving trustees, petitioners.

GRIFFITHS, S. Petitioners, trustees under the will of this decedent, request a determination of their powers of investment in the light of the new legislation governing such powers of

fiduciaries. (Personal Property Law, § 21; L. 1950, ch. 464, eff. July 1, 1950.) The application is unopposed.

The only provision of the will pertaining to investment powers is contained in the clause thereof characterized " Lastly ", which reads as follows:

" I also *authorize* them to invest and from time to time to re-invest, any portion of the trust estate under this will in the bonds or preferred stock of any railway, canal, coal, telegraph, banking, trust, industrial or other corporation, whether formed under the laws of the State of New York or of the United States or of any one of the United States and whether such investments may be of a nature then sanctioned by Courts of equity or statute in the State of New York for the investment of trust funds, or not, * * * " (emphasis supplied).

Petitioners contend that the true effect and meaning of the quoted language of the will is to *permit* them to invest in the specified class of securities but not to require them to limit their investments to such securities to the exclusion of other forms of investments as permitted by statute. Petitioners state that they desire to take advantage of the liberal provisions of the new legislation permitting fiduciaries to invest in common stock and other securities. An examination of the will as a whole shows that the evident intent of the testator was merely to enlarge the statutory investment powers of the trustees and not to restrict them to the classes of securities specified in the will. It has been stated that " the words ' authorized and empowered ' are usually words of permission merely, and generally have that sense when used in contracts and private affairs; * * *." (*People ex rel. Otsego Co. Bank* v. *Board of Supervisors of Otsego Co.,* 51 N. Y. 401, 406.) (See, also, *Welsh* v. *Spillane,* 311 Mass. 746.)

If the will were silent with respect to investment powers, the statutory scheme of investment as embodied in the new legislation would govern the investment powers of the trustees after July 1, 1950. Paragraph (m) of subdivision 1 of the statute expressly permits fiduciaries to invest in common stock and other " ineligible " securities, subject to the prescribed limitation that no such investment shall be made which " will cause the aggregate market value of the investments not made eligible by the preceding paragraphs of this subdivision to exceed thirty-five per cent of the aggregate market value at that time of all of the property of the fund held by such fiduciary; * * * ".

(Personal Property Law, § 21, subd. 1, par. [m].) The present investments of petitioners are stated to consist of " eligible " bonds and preferred stock representing respectively 58.05% and 41.89% of the aggregate market value of the entire trust fund. Paragraph (n) of the statute reads as follows: " (n) Nothing in this subdivision shall be deemed to limit the effect of any will, agreement, court order or other instrument creating or defining the investment powers of a fiduciary, or to restrict the authority of a court of proper jurisdiction to instruct the fiduciary in the interpretation or administration of the expressed terms of any will, agreement or other instrument or in the administration of the property under the fiduciary's care." Petitioners are in doubt as to applicability of paragraph (m) of the statute by reason of the fact that preferred stock is included in the list of " ineligible " statutory investments.

The contention of petitioners is approved to the extent that they are authorized to invest the trust funds to such an extent as they, in their discretion deem proper, in preferred stocks of corporations of the character described in the will, regardless of the provisions of the new statute, and further that they may invest in securities of the classes prescribed by the new statute subject to the 35% limitation, against which shall be charged, however, the then market value of any preferred stock or other " ineligible " investments made by the trustees under the power conferred upon them by the will.

Submit decree.