In the Matter of the Accounting of Irving Miller et al., as Executors of Henry G. Schackno, Deceased Trustee, and Bankers Trust Company, as Surviving Trustee under the Will of Charles G. Emery, Deceased.

Surrogate's Court, Jefferson County, March 28, 1951.

*Oudin, Kilbreth & Schackno* for petitioners.

*John W. Kellogg*, special guardian.

Wright, S. In this accounting proceeding the Bankers Trust Company, as surviving trustee, seeks determination as to its powers of investment in the light of the present statute prescribing trust investments.

Although the testator's death occurred in 1915, if the will were silent as to investment powers, there would be no question that the trustee's present powers are those now prescribed by section 21 of the Personal Property Law. It seems to be the accepted doctrine that the obligations of trustees with respect to investments are fixed by the law effective at the time the investment is made. (*City Bank Farmers Trust Co.* v. *Evans,* 255 App. Div. 135; *Matter of Arms* [*Tiffany Foundation*], 193 Misc. 427; *Matter of Hamersley,* 152 Misc. 903.)

The testator made certain provisions as to the nature of investments in this language: " I hereby also grant to the trustee or trustees for the time being of any of the trusts created by this will, full and complete power to  *  *  *  reinvest the proceeds thereof and to change such investments from time to time hereby also authorizing investments in first mortgage bonds of any corporation in the United States which shall have

paid dividends upon its common stock for a period of three successive years prior to the date of such investment whether such bonds be investments permitted to trustees or otherwise."

The question here presented involves a construction of the will. Turning to this instrument we find that the testator authorized the trustees to invest in certain securities other than the so-called legal investments for trust funds. Did this grant of power in any way restrict the investment powers of the trustees under the present statute? The surviving trustee contends that it has powers of investment to the extent permitted by the 1950 amendments to section 21 of the Personal Property Law. (L. 1950, ch. 464.) The special guardian concurs in this contention.

A similar question was raised in *Matter of Hilliard* (197 Misc. 1094) where the petitioners contended that the effect and meaning of the testator's authorization to invest in other than legal securities was permissive. Citing *People ex rel. Otsego Co. Bank* v. *Board of Supervisors of Otsego Co.* (51 N. Y. 401, 406) as authority for the proposition that the words " authorized and empowered " are usually words of permission merely, the court held (p. 1095) that " an examination of the will as a whole shows that the evident intent of the testator was merely to enlarge the statutory investment powers of the trustees and not to restrict them to the classes of securities specified in the will."

A similar conclusion must be reached here. The meaning and effect of this will as to the grant to the trustees of power to make certain investments is no restriction upon the trustees to make any other investments to the extent permitted by the statute in effect at the time the investment is made.

An appropriate decretal provision may be contained in the decree settling the account or may be made by separate decree.