In the Matter of the Accounting of NEW YORK TRUST COMPANY et al., as Successor Trustees, and JOHN T. TERRY et al., as Executors of RODERICK TERRY, JR., Deceased Successor Trustee, under the Will of HENRY J. MARQUAND, Deceased.

Surrogate's Court, New York County, October 22, 1952.

*George M. Clarke* and *Lewis A. Clarke* for successor trustees and executors, petitioners.

*Frederick Katz,* special guardian for George A. Forsyth and others, infants, respondents.

*John J. O'Connor* for United States Fidelity and Guaranty Company, respondent.

Collins, S. Upon this intermediate accounting the trustees have asked the court to determine whether or not they may invest in common and preferred stock and other securities to the extent permitted trustees under the laws of New York, in view of testator's language in the will that " I do not restrict my  *  *  * trustees  *  *  * to invest the monies of my estate in what are technically known as ' legal ' investments, but I authorize them to invest in  *  *  * municipal securities  *  *  * or in the bonds of railroad or other corporations secured by first mortgage on their property which have continuously for at least five years before the time of investment paid a dividend upon their capital stock '' and the provision of the codicil that " I authorize my executors  *  *  * when acting as trustees under my will, to invest the moneys of my estate in stocks of railroads or other corporations ''.

The enactment of the amendment to section 21 of the Personal Property Law by chapter 464 of the Laws of 1950, effective July 1, 1950, broadened the class of legal investments to which trustees had been able to resort up to that time.

A reading of the will and codicil indicates that the testator was cognizant of the distinction between permissive and mandatory powers and in setting forth the investment powers of the trustees he employed language which is permissive and not mandatory. (*Matter of Bell,* 108 N. Y. S. 2d 569.) When permissive language is used no greater limitation will be imposed by the will upon investment powers of trustees than would be imposed if the will were silent with respect to investment powers. (*Matter of Katte,* 106 N. Y. S. 2d 155; *Matter of Hilliard,* 197 Misc. 1094; *Matter of Emery,* 199 Misc. 396.) Accordingly, the court holds that the will and codicil of the testator permit the trustees to invest in securities as specified by paragraph (m) of subdivision 1 of section 21 of the Personal Property Law.

The application for the appointment of Rowland H. George as successor trustee is granted.

Submit decree on notice settling the account and granting letters of trusteeship accordingly.