SamiAl Fails, S.
In this trustee’s accounting proceeding the substituted trustee requests a determination as to the disposition of the principal of the trust under paragraph “ twestty-fipthly ” of the will, and also a determination as to the powers of the trustee with respect to investments made by it.
The decedent died on May 6, 1933, and Ms will, dated April 19, 1921, was admitted to probate by a decree of this court dated May 25, 1933. Letters of trusteeship were issued by tMs court on July 20, 1933, and the accounting trustee was appointed by a decree of tMs court dated August 16, 1943.
The primary question presented is whether the principal of the trust under the twenty-fifth paragraph of the will was effectually disposed of by the residuary clause of the will, or such corpus passes as intestate property. By the twenty-fifth paragraph of the will, the testator bequeathed the sum of $25,000 in trust and directed that the income be paid to a designated granddaughter during her lifetime. The will directed that upon the death of such granddaughter, the sum of $25,000 be divided among the surviving lawful descendants of such granddaughter, per stirpes, with provisions for a minority trust as to any descendant who had then failed to attain majority. The will contained no provision, whatsoever, as to the distribution of such remamder under the contingency which has occurred — the death of such granddaughter without descendants.
The trust under the twenty-fifth paragraph of the will terminated on the death of the granddaughter named as beneficiary who died on May 30, 1956 without issue.
By the residuary clause of his will testator directed the division of all the rest, residue and remainder of Ms estate, real and personal, into as many equal shares as there were children him surviving, and the lawful descendants collectively of each eMld of Ms (excluding a designated son), who had died during his lifetime, leaving descendants him surviving. One of the shares so set apart was directed to be held in trust for a son, Abraham, with the provision that at his death the principal of such fund be conveyed and transferred to such persons as Abraham might appoint by will. In default of the exercise of the power of appointment, such share was to be divided equally among the issue of Abraham, per stirpes, *644 with provisions for a secondary trust as to any issue born prior to the death of testator and for outright payment as to the share of any issue born after the death of testator. Upon the termination of the secondary trust, the corpus was bequeathed equally among the lawful issue of the person for whom such share had been set apart. If Abraham was not survived by any descendants, any property not effectually appointed by him was bequeathed outright among the then surviving descendants of testator, per stirpes (excluding the descendants of a son who predeceased decedent). Each of the other shares comprising the residuary estate was bequeathed outright to the person for whom such share was set apart.
The court determines that the corpus of the trust created by the twenty-fifth paragraph of the will passes under the residuary clause of the will. A provision for a disposition of the residue of the estate in the customary, general or universal terms will be construed as embracing any property undisposed of unless manifestly excluded. (Lamb v. Lamb, 131 N. Y. 227.) In the absence of a contrary intention, a provision purporting to dispose of the residue of the estate therefore will be construed as passing a remainder otherwise unprovided for by the will, such as the death of a life tenant without issue. (Smith v. Smith, 141 N. Y. 29.)
The court cannot now determine the validity of the disposition of so much of the undisposed of share as may be required to augment any residuary trust for decedent’s son, Abraham, either in the event of the exercise or nonexercise of such power of appointment by Abraham. Since the power is conferred upon Abraham to dispose of the remainder of the trust for his benefit as he might appoint by will, any determination as to the validity or invalidity of any attempted exercise of the power of appointment must await the death of Abraham and the probate' of his will.
The court determines that the trustee is empowered to invest, in addition to the secured obligations expressly authorized by the twenty-ninth paragraph of the will, the investments made eligible by the provisions of section 21 of the Personal Property Law. By paragraph twenty-ninth of his will, the testator expressly authorized and empowered his executors and trustees to retain any property or securities real or personal owned by him at the time of his death. He then expressly authorized and empowered his executors and trustees to invest in certain secured obligations “ and in no other property or securities whatsoever ”. The enumerated securities in which investments were expressly authorized embraced securities which were not *645 then included on the so-called “legal list”. The grant of power to invest in enumerated securities “ and in no other property or securities whatsoever ’ ’ is construed as a limitation on the express power conferred but not as a mandate against investments made eligible by section 21 of the Personal Property Law.
The grant of power to invest in certain nonlegal securities will be interpreted as authorizing the trustee to invest in securities not authorized for investment at that time, in addition to those securities in which a fiduciary is permitted by law to invest. (City Bank Farmers Trust Co. v. Evans, 255 App. Div. 135; Matter of Emery, 199 Misc. 396.) A grant of authority to invest in certain nonlegal securities will not be regarded as a prohibition against the making of investments permitted by statute. (Matter of Hilliard, 197 Misc. 1094.)
Settle decree.