MILDRED PARK KEITH *vs.* WORCESTER COUNTY TRUST COMPANY & another, executors & trustees, & others.

Worcester.   September 22, 1958. — November 4, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Trust,* Use of principal. *Devise and Legacy,* Extrinsic evidence affecting construction. *Evidence,* Extrinsic affecting writing. *Words,* "Authorize and empower."

A will establishing a trust to pay the net income semi-annually "or oftener in the [trustees'] discretion . . . to or for the use, benefit, comfort, support, and enjoyment of" the testator's wife and further providing "I authorize and empower my . . . trustees to make utilization of the principal for the foregoing purposes at such times and to such extent as my . . . wife . . . desires" did not oblige the trustees to make payments from principal desired by the wife for such purposes but merely allowed the trustees in their discretion to make them.

On the issue of the proper construction of an unambiguous provision in a will, there was no error in the exclusion of a prior will revoked by the will under construction.

PETITION IN EQUITY, filed in the Probate Court for the county of Worcester on August 15, 1957.

The case was heard by *Wahlstrom*, J.

*George M. Poland*, for the petitioner.

*Thomas R. Mountain*, for the respondents Worcester County Trust Company and another, executors and trustees.

*Joseph Talamo*, for the respondents Luke Thomas Keith and others.

WHITTEMORE, J. The appealing petitioner asked a declaratory decree to construe a provision in her husband's will which authorized trustees thereunder to make payments to her from the principal of a residuary trust. The language to be construed is italicized in the following quotation:

"To pay the net income therefrom semi-annually or oftener in the discretion of my said trustees to or for the use, benefit, comfort, support, and enjoyment of my wife, Mildred Park Keith. *I authorize and empower my said trustees to make utilization of the principal for the foregoing purposes at such times and to such extent as my said wife, Mildred Park Keith, desires.* Upon remarriage or death of my said wife . . . this trust shall terminate, and the principal thereof with any and all accruals thereto shall be paid and distributed, free and discharged of trust in the following manner . . . ."

The decree recited "that by the terms of said trust the petitioner has the right to request of the trustees reasonable payments from principal for her use, benefit, comfort, support and enjoyment and the trustees when they find such requests to be reasonable and made in good faith, are authorized and empowered to make such reasonable payments from principal to the widow on her request made during her lifetime or before her remarriage."

The appellant asks that the decree be modified to declare the petitioner entitled to receive from principal such amounts as she shall desire in good faith for the purposes stated.

We deem the construction of the decree to be substantively correct and rule that no modification is required. The language used in the will is not ambiguous. There is nothing to weaken the force of the words "authorize and empower" as words importing permission and implying discretion,

rather than direction or command. *Welsh* v. *Spillane,* 311 Mass. 746. And see *Lovett* v. *Farnham,* 169 Mass. 1, 6. The use of the words "or oftener in the discretion of my said trustees" to qualify the otherwise unqualified obligation to pay income semiannually does not suggest that it was inappropriate or inconsistent to use the words "authorize and empower" to show an intent that there be discretion also as to payment of principal. It is plain that the phrase "at such times and to such extent as my said wife . . . desires" imports no inconsistency. The wife's desire, expressed, calls for the exercise of the trustees' judgment. Compare *Dana* v. *Dana,* 185 Mass. 156.

It was not error to refuse to consider as relevant evidence a prior will which was revoked by the probated will and which authorized payments of principal to the wife in the sole discretion of the trustee and as it might deem wise and expedient. *Mahoney* v. *Grainger,* 283 Mass. 189, 192, and cases cited. Since there was here no ambiguity, we need not consider whether the prior will and its revocation would be concomitant circumstances (*ibid.,* 192) which would be admissible to ascertain with what purpose the words were employed. Compare *Taylor* v. *Albree,* 309 Mass. 248, 254. See *Poor* v. *Hodge,* 311 Mass. 312, 317, and cases cited. Extraneous matters cannot be used to create an ambiguity not manifest in the document being construed. *Dekofski* v. *Leite,* 336 Mass. 127, 129.

*Decree affirmed.*