Jacob Markowitz, J.
A question of judicial construction has been submitted to the court as a preliminary issue.
The provision of paragraph 10 of the trust agreement giving the trustee “ full authority in its discretion * * * to hold, invest and reinvest the trust fund * * * in such Government, State and Municipal Bonds of any government, state or municipality, that shall not have defaulted in payment previously to the date of execution of this trust ’ ’ is construed by the court as permissive only and as leaving the trustee free to make any of the investments permitted by section 21 of the Personal Property Law of this State.
In People ex rel. Otsego County Bank v. Supervisors (51 N. Y. 401, 406), the court stated that “ The words ‘ authorized and empowered ’ are usually words of permission merely, and generally have that sense when used in contracts and private affairs ” (as distinguished from statutes). The words “ authorized and empowered ”, when used in deeds of trust, have repeatedly been held to be permissive rather than mandatory (City Bank Farmers Trust Co. v. Evans, 255 App. Div. 135; Matter of Emery, 199 Misc. 396; Matter of Hilliard, 197 Misc. 1094; Matter of Merritt, 124 Misc. 709). Only where it is clear from the document, read as a whole, that the words were intended to be mandatory will that construction be adopted. (Matter of Lockwood, 150 N. Y. S. 2d 768; Matter of Carr, 176 Misc. 571; Matter of Hayman, 178 Misc. 12).
In the instant case there is nothing in the trust agreement to justify interpreting paragraph 10 as mandatory, particularly in view of the use of the words 1 ‘ in its discretion ’ ’ immediately after the word “authority”. Indeed, the use of the word “ full ” before the word “ authority ” furnishes additional confirmation of the construction that the settlor intended the word “ authority ” to be used in its permissive sense.
In Matter of Marx (6 Misc 2d 642, 644) the will authorized and empowered the trustees to invest in certain secured obligations “ ‘ and in no other property or securities whatsoever ’ ” (italics supplied). Some of the secured obligations were not so-called “ legáis ” for trust funds. The court, notwithstanding the italicized language, held that the trustees were free to invest in securities made eligible by section 21 of the Personal Property Law. The provisions of the trust agreement involved in the case at bar are much more clearly permissive than those of the will in Matter of Marx (supra).
The motion is granted as indicated. Settle order.