S. Samuel Di Falco, S.
The testator by paragraph Sixteenth of his will gave to his trustees permissive power to make investments beyond the scope of investments for trustees as authorized by law when the will was made. As it was the intent of the testator to enlarge rather than limit the investment powers of his trustees, the court finds that the grant to the trustees of power to make certain investments is no restriction upon the trustees’ power to make other investments consistent with section 21 of the Personal Property Law. (Matter of Hilliard, 197 Misc. 1094; Matter of Marquand, 203 Misc. 284; City Bank Farmers Trust Co. v. Evans, 255 App. Div. 135; Matter of Hamersley, 152 Misc. 903.) The court also finds that when the testator stated that his trustees might invest “in high grade bonds or other obligations * * * issued by the United States government or political subdivision thereof ” the meaning and effect of such words was to permit the trustees to invest in bonds, issued by any State, city and local government or political subdivision thereof. The proposed construction sought by the trustee is therefore adopted by this court.
Submit decree construing the will accordingly.