John J. Dillon, S.
The application, of the petitioners for leave to resign as testamentary trustees is granted as requested, and the Bank of New York will be appointed successor trustee upon duly qualifying according to law.
The will is construed to mean that the successor trustee now to be appointed may invest in any investments permitted by section 21 of the Personal Property Law as the same may be amended from time to time, as well as in any investments specifically authorized by the will. It seems plain that the limitation of investments in Article ‘ ‘ eighth ’ ’ of the will to ‘ ‘ those prescribed by law as trustee investments ” was intended only to apply to a trustee appointed by the Surrogate’s Court in the event that the Bank of New York had failed to qualify. It seems equally plain that the testator intended that the trustees he specifically named (including the Bank of New York) should have greater latitude in investments than an unnamed trustee who might be selected later by the court. It would therefore be contrary to the testator’s purpose to hold that the successor trustee is limited either to those investments described in Article “fifth (a) ” of the will or to those authorized by statute. There is ample authority for the more liberal ruling that both classes of investments were intended with respect to the original trustees and their named successors (Matter of Hilliard, 197 Misc. 1094; Matter of Wilson, 127 N. Y. S. 2d 876; Matter of Marx, 6 Misc 2d 642).