In the Matter of the Construction of the Will of HENRY E. GRAVES, Deceased. LEOTA YOKEY, Appellant; NATIONAL BANK & TRUST CO. OF NORWICH et al., Respondents.

Third Department, August 1, 1961.

*Joe Schapiro* for appellant.

*LeRoy Hodge* for Hamilton Lodge, F. & A. M., respondent.

*Renfroe Jackson* for National Bank & Trust Co. of Norwich, respondent.

TAYLOR, J. Testator died November 9, 1959 leaving a last will and testament dated September 25, 1956 which was duly admitted to probate on December 13, 1959. At the time of the execution of the will, his wife was living but thereafter predeceased him. He left him surviving as his sole distributee a sister, appellant Leota Yokey, formerly Keller. (Decedent Estate Law, § 83, subd. 6.)

Although her petition also prayed for the construction of the first and second paragraphs of the will, appellant's brief states the issue here for determination to be '' whether testator intended to die intestate as to the trust created by paragraph ' THIRD ' in the event that his wife predeceased him.''

Paragraph THIRD, in pertinent part, reads:

'' If my wife, Elisabeth B. Graves, survives me, I direct my Executor to set aside a portion of my estate equal in value to one-half of the value of my adjusted gross estate  *   *   *.

'' I give, devise and bequeath the said portion of my estate to my Trustee hereinafter named, IN TRUST, NEVERTHELESS, to hold, manage, invest and reinvest the same, to collect the income therefrom and to pay over the net income in quarterly installments to my wife, Elisabeth B. Graves, during her life.

'' Upon the death of my said wife my Trustee shall transfer, convey and pay over the principal to or for the benefit of such person or persons or corporation or corporations or the estate of my said wife in such amounts or proportions and in such lawful interests or estates either absolute or in trust as my wife by her last Will and Testament appoint. If the power of appointment is for any reason not exercised by my wife, in whole or in part, then upon her death to transfer, convey and

pay over the principal remaining in this fund, together with any unexpended income, to my residuary estate hereinafter provided for.''

Appellant's thesis seems to be that by force of the will's omission expressly to direct payment of the proceeds of this trust to the residuary estate except in the event of the failure of the life beneficiary to exercise the power of appointment, the testator evinced, if she predeceased him, an intention to die intestate to the extent of the fund, thereby preferring by operation of law his sister as the natural object of his bounty over the organizational beneficiaries named in the residuary clause of his will and that its proceeds belong to her.

In paragraph FOURTH testator made small bequests to various organizations and an individual. By paragraph FIFTH he created a trust fund in the sum of $20,000 in favor of appellant with a remainder over to her children in equal shares. Paragraphs SIXTH and SEVENTH establish trusts for the benefit of his two sisters-in-law and direct that the principal of the funds remaining at the time of their deaths be paid to his residuary estate. Paragraph NINTH contains a general sweeping residuary clause cast in the following language:

'' All the rest, residue and remainder of my estate, both real and personal, of whatever name or nature and wherever the same may be located, I give, devise and bequeath to my Trustee, IN TRUST, NEVERTHELESS, for the following uses and purposes: To hold, manage, invest and reinvest the same, to collect the income therefrom and to pay over the net income in quarterly installments to my wife, Elisabeth B. Graves, during her life.

'' Upon the death of my said wife my Trustee shall continue to hold in trust one-half of the principal of this fund and to pay over the net income therefrom to my sister, Leota M. Keller, during her life and upon her death to transfer, convey and pay over the principal and any unexpended income therefrom to her children in equal shares per stirpes.

'' Upon the death of my said wife my Trustee shall divide the remaining one-half of this fund into four equal shares for the benefit of '' a church, library and two fraternal organizations in trust and to '' pay over the net income from one such share together with one-fifteenth of the principal of such share annually to each beneficiary until the principal of each share is exhausted.''

The Surrogate has held that the trust created by paragraph THIRD for the benefit of his wife with power to appoint — obviously designed to qualify it for estate tax exemption — lapsed by reason of her prior death and thereupon fell into the residu-

ary estate to be disposed of in accordance with paragraph NINTH of the will. We think this is a correct discernment of the intention of the testator. Viewed in its entirety, the text of the will discloses no deliberate intent on the part of the testator to die intestate as to a substantial portion of his estate. To the contrary, his unmistakable purpose was not only to dispose of all of the property which he might own at the time of his death but also to entrust it to the extent of appellant's interest. Familiar canons of construction support these conclusions. (*Matter of Forde,* 286 N. Y. 125; *Matter of Hayes,* 263 N. Y. 219; *Waterman* v. *New York Life Ins. & Trust Co.,* 237 N. Y. 293; *Matter of Buechner,* 226 N. Y. 440, 444; *Robinson* v. *Martin,* 200 N. Y. 159, 164; *Smith* v. *Smith,* 141 N. Y. 29, 34; *Matter of Birdsell,* 271 App. Div. 90, 95, affd. 296 N. Y. 840; 7 Warren's Heaton, Surrogate's Courts, Construction of Wills, § 16, pp. 108, 109.)

Decree should be affirmed, with costs payable from the estate to the parties filing briefs.

BERGAN, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Decree affirmed, with costs payable from the estate to the parties filing briefs.