Joseph A. Cox, S.
In this proceeding instituted'by the trustees to settle their account a supplemental petition has been filed for a construction of the decedent’s will. The construction became necessary because of the refusal of the respondent Buth B. Gould, the decedent’s daughter-in-law, to vacate the apartment occupied by her at premises 413 East 50th Street, New York City. It is the respondent’s contention that under the terms of the decedent’s will she and her daughter have an absolute right to live in said apartment rent free. The trustees on the other hand contend that they have discretionary power under the terms of the will to allow her and her daughter to live there rent free and that the respondent has no right to occupy such apartment rent free without their express consent ' and permission.
Briefly stated the facts which give rise to the controversy are as follows: The decedent during her lifetime and at the time of her death owned the building known as 413 East 50th Street; said building consists of two duplex apartments, one of which is rented and produces a gross income of $5,100 per annum. The other of such apartments was occupied during the lifetime of the decedent by the decedent’s son George and his wife Buth and their daughter Gail. The son George died sometime prior to the decedent but the daughter-in-law Buth and decedent’s granddaughter Gail continued ¿to live in the said apartment. With the permission of the trustees given pursuant to the terms of decedent’s will decedent’s daughter-in-law Buth and granddaughter Gail continued to live rent free in the apartment until November, 1961 when the said daughter-in-law remarried and took up residence with her new husband in Baltimore where he resides and has a place of business. The trustees thereupon requested the respondent to remove her furniture from the premises and to surrender possession thereof. This the respondent has refused to do maintaining as aforesaid that the will vests an absolute right in her and her daughter to occupy the apartment rent free.
Under the terms of decedent’s will she divided her residuary estate into two parts designating one part as the ‘ ‘ George share ” and the other part as the “ Bosemary share ”. We are not here concerned with the disposition of Bosemary’s share. With respect to the “ George share”, however, the decedent directed that $20,000' thereof be paid outright to her daughter-in-law Buth and that the balance thereof be held in trust with income thereof to be applied for the education, maintenance and support of her granddaughter Gail who was .to receive the accumulated income thereon plus one half of the principal of *169 the trust when she reached the age of 21. The balance of the principal was payable to her when she reached the age of 30. The decedent specifically directed that the house known as 413 East 50th Street should be allocated to the “ George share ” and with respect thereto the decedent stated: “ 6) The trustees are authorized and empowered (a) to permit Gail and Ruth and any other persons of their selection to live rent free at No. 413 East 50th Street, New York City.” This latter direction is the cause of the dispute now pending in this matter. As this court has stated on numerous occasions the purpose in any construction proceeding is to ascertain the intent of the testator and when ascertained to give effect to that intent (Matter of Fabbri, 2 N Y 2d 236; Robinson v. Martin, 200 N. Y. 159). A reading of the entire will indicates to this court that the testatrix vested her trustees with a discretionary power and that the clause relied upon by the respondent is not mandatory.
Our courts have been called upon many times to interpret the meaning and effect of the words “ authorize and empower ”. Of necessity, in each instance the interpretation given to the words was based upon the tenor of the instrument as a whole. Thus in Matter of Carr (176 Misc. 571) and Matter of Hayman (178 Misc. 12) the words were held to constitute a mandatory direction to the trustees while in Matter of Merritt (124 Misc. 709, affd. 222 App. Div. 773, affd. 249 N. Y. 532); City Bank Farmers Trust Co. v. Evans (255 App. Div. 135); Matter of Hilliard (197 Misc. 1094) and Matter of James (14 Misc 2d 600) the words were held to grant discretionary power. What is to be learned from this is that each instrument must be considered on its own merits and that words have different meanings, depending upon the context in which they are used (Matter of Schliemann, 259 N. Y. 497, 503; Matter of Watson, 262 N. Y. 284, 297).
In the case at bar the decedent throughout her will showed her awareness of the fact that the house might be sold either before or after her death. This is indicated by the alternative bequests she made in that event, by the power to sell or lease the house which she gave to the trustees and by the unusually broad powers she vested in the trustees in subdivision 17 of article Eleventh of her will. For these reasons it is obvious to this court at least that the decedent could not have intended to vest her daughter-in-law and granddaughter with the property rights now contended for by them.
It is the court’s opinion, therefore, that the words “the trustees are authorized and empowered ” as used by the decedent in her will constitute a grant of authority and not a direction or *170 command (Matter of Merritt, supra; Matter of James, supra; People ex rel. Otsego County Bank v. Board of Supervisors of Otsego County, 51 N. Y. 401).
The effect of this finding will ennre to the benefit of the infant as it will most likely enable the trustees to pay such sum as is necessary for the support of the infant solely out of income without resort to the invasion of principal permitted under the terms of the will.