■ In the Matter of the Estate of DORIS E. McNAB, Deceased. THOMAS C. McNAB, Respondent; JAMES F. McCARTHY et al., as Trustees of the Estate of DORIS E. McNAB, Deceased, Appellants.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from that part of a decree of the Surrogate's Court of Dutchess County (Benson, S.), entered May 22, 1989, which denied respondents' motion for summary judgment, construed the will in favor of petitioner and directed that one half of petitioner's counsel fees be paid from decedent's testamentary trust.

This appeal involves the construction of a provision of the testatrix's will which bequeathed her residuary estate. The primary question presented is whether Surrogate's Court properly construed the disputed provision of the will to, *inter alia,* grant discretion to respondent James F. McCarthy, the independent trustee, with respect to the amount to be paid to petitioner only and not with respect to paying or withholding. In our view Surrogate's Court correctly directed McCarthy to exercise the discretion granted in a manner which would supplement petitioner's annuity income, excluding separate personal income and assets, with sufficient income from the trust to satisfy his living requirements in his newly adopted manner of living. The court also correctly awarded counsel fees in favor of petitioner. Therefore, the decree of Surrogate's Court should be affirmed.

Petitioner, now in his late 70's, suffers from organic brain syndrome and is mentally retarded. However, he has not been adjudicated incompetent. He is the son of the testatrix. Petitioner had lived at the family estate and was cared for by the

family housekeeper, Margaret Miller, and by the testatrix before her death in August 1980. After the death of the testatrix, Miller continued to care for petitioner in the family home until 1986, when she moved to Florida at age 86. Petitioner then became a resident of a skilled nursing home where he currently resides at a cost in excess of $3,000 per month.

Following petitioner's becoming a resident of the nursing facility, McCarthy* decided to consider petitioner's outside resources in determining the amount of trust income to be applied for petitioner's benefit. McCarthy then stopped all such payments to him and petitioner commenced this proceeding to construe the will and, *inter alia,* sought an order directing respondents as trustees to pay $3,000 per month from the trust income, or if the trust income proved insufficient, from its principal, in order to enable him "to live in the manner to which he was accustomed at the death" of the testatrix, together with reasonable counsel fees and costs. Respondents' motion to dismiss the petition on the ground that petitioner was without the capacity to sue was denied but a guardian ad litem was appointed to protect his interests.

McCarthy subsequently moved for summary judgment on the ground that he was acting within the discretion given him under the will by considering petitioner's outside resources in determining the amounts to be applied for his care. The motion was denied. Surrogate's Court found that, *inter alia,* respondents were given discretion as to the amount to be paid only and not as to paying or withholding. The court granted the petition and ordered that McCarthy exercise that discretion in a specified way. The court also awarded counsel fees to petitioner. A motion to reargue McCarthy's summary judgment motion was granted. Upon reargument, the court adhered to its original decision and a decree was entered. This appeal ensued.

In a will construction proceeding the intent of a testatrix "must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" *(Matter of Fabbri,* 2 NY2d 236, 240). The pertinent portion of the will around which the dispute herein revolves is as follows: "I give, devise and bequeath to my Trustees, hereinafter named, IN TRUST, to hold the same

---

* There are three trustees appointed under the will: McCarthy and respondents Malcolm B. Smith and Alexander F. E. Smith. As both Smiths are interested trustees (because they take under the will), they therefore do not participate in the exercise of any discretionary power.

during the life of [petitioner] and after his death, until my granddaughter, Doris Smith Dedner, shall attain the age of thirty-five (35) years, or sooner die, such period being hereinafter referred to as the 'trust term', and to manage, invest and reinvest the same, to collect the income therefrom and subject to the provisions of clause EIGHTH of this Will, to apply the net income therefrom in equal shares to such of my grandchildren, DORRIS SMITH DEDNER, MALCOLM BARRY SMITH and ALEXANDER F. E. SMITH, as shall be living, the then living issue of any of them who shall be deceased to receive, in equal parts per stirpes, the share their parent would have received if he or she had been then living; PROVIDED, HOWEVER, that so long as [petitioner] shall be living during the trust term, my Trustees are hereby authorized and empowered at any time and from time to time to apply from the net income of said trust, such amounts, if any, as they in their sole discretion may deem advisable to augment the income derived by [petitioner] from the annuity heretofore provided by me for his support, so that with such additional payments, if any, from this trust fund he will be enabled to continue to live in the manner to which he is accustomed at the time of my death."

Respondents' contention, that to construe the language of the clause as imposing a legal duty on the trustee to apply trust income for petitioner's benefit is contrary to the permissive language used by the testatrix, is rejected. Each instrument must be considered on its own merit and the words may have different meanings, either mandatory or permissive, depending upon the context in which they are used (see, *Matter of Schliemann*, 259 NY 497, 503; *Matter of Tuska*, 38 Misc 2d 167, 169, *affd* 19 AD2d 587). The construction adopted by Surrogate's Court is not necessarily contradictory. McCarthy may in certain circumstances, in the exercise of his discretion, conclude that petitioner is able to continue to live in the manner to which he was accustomed at the time of the testatrix's death without supplementing the income derived from the annuity and withhold payment of trust income. The language of the clause does express the intent of the testatrix to benefit first her son and, after that, the three named grandchildren.

Respondents' argument, that petitioner should be required to make use of his personal assets consisting of $21,800 in savings and $366 a month in Social Security benefits to pay for his support before utilizing trust income for that purpose, is without merit. The testatrix has clearly stated the standard of maintenance the trustees are to meet and the assets which are to be considered in the clause under discussion. Reading the clause as a whole it is clear that the testatrix intended that if the income from the annuity proved insufficient to

enable her disabled son to continue to live in the manner he was accustomed at the time of her death, respondents were authorized and empowered to supplement that amount with payments from the trust income as required. There is no claim that the trust income is insufficient for that purpose. The refusal or failure of respondents to augment the amount derived from petitioner's annuity with payments from the trust fund was contrary to the intent of the testatrix and an abuse of discretion warranting Surrogate's Court's interference (see, Collister v Fassitt, 163 NY 281; see also, Matter of Stillman, 107 Misc 2d 102).

Respondents' final contention, that Surrogate's Court abused its discretion in awarding petitioner's counsel a fee of $15,000, one half payable from the trust principal and the remaining $7,500 by petitioner, is also rejected. Contrary to the assertions of respondents, we find no abuse of the broad but not unlimited discretion vested in Surrogate's Court pursuant to SCPA 2301 and 2302 (see, Matter of Greatsinger, 67 NY2d 177, 181). It appears that Surrogate's Court in the instant case considered the relevant factors before making the award. The court noted that the work of petitioner's counsel benefited the trust by leading the effort to gain a construction of the will. The court also noted that petitioner was benefited and should therefore bear some of the cost of acquiring that benefit.

Decree affirmed, with costs payable out of the estate. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.