■ In the Matter of SPENCER S. COFFIN, Deceased. JEFFREY T. COFFIN, Appellant-Respondent; SPENCER T. COFFIN, Respondent-Appellant. [648 NYS2d 645] —In a proceeding for the construction of a will and an interim accounting, the executor Jeffrey T. Coffin appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Dutchess County (Bernhard, S.), dated February 7, 1995, as (a) utilized funds from the sale of decedent's residence to establish an educational trust to

pay for four years of college tuition and board for Spencer Thaddeus Coffin, (b) failed to direct the submission of evidence regarding Social Security benefits paid to Spencer Thaddeus Coffin from the time of decedent's death, and (c) distributed $58,606 of the residuary estate, and Spencer Thaddeus Coffin cross-appeals, as limited by his brief, from so much of the same order as (a) directed that the total amount of projected Social Security benefits to be paid to him from the date of the decedent's death until he reached the age of 18, be credited against the estate's obligation to pay child support, (b) limited payments from the educational trust to college tuition and board, (c) failed to place $34,534 of other estate income collected by the executor into the educational trust, (d) failed to direct the estate to pay additional unpaid child support in the amount of $7,750 and to pay future support of $125 per week until he reached the age of 21, and (e) failed to provide a hearing on the executor's commission and administrative expenses.

Ordered that the order is modified, on the facts, by adding a provision thereto directing the trustee to pay to the mother of Spencer Thaddeus Coffin, child support of $125 per week from the income of the educational trust until Spencer Thaddeus Coffin reaches 21 years of age, including a supplemental amount for accrued and unpaid child support owed from the date of the decedent's death, if any, said monies to be used for Spencer Thaddeus Coffin's college education pursuant to the testator's overall intent; as so modified, the order is affirmed insofar as appealed and cross appealed from, with costs to Spencer Thaddeus Coffin payable by the estate, and the matter is remitted to the Surrogate's Court, Dutchess County, for determination of the amount of any unpaid child support and the supplemental amount to be paid to cover those arrears.

The testator, Spencer S. Coffin, died on January 17, 1990, leaving one adult son, two adult stepdaughters and another son, the cross-appellant Spencer Thaddeus Coffin (hereinafter Tad), who was born on April 28, 1977. Tad was the product of a second marriage which ended in divorce.

Pursuant to the divorce judgment and a stipulation of settlement which was incorporated but not merged into the judgment, the testator agreed to include a provision in his will for the payment of $125 per week in child support to Tad's mother until the time that Tad reached 21 years of age. The child support provision was not required if the testator provided Tad with an alternative death benefit. However, this benefit was not available at the time of testator's death.

The will, described by the Surrogate as having the "opacity

of a Federal Regulation combined with a jeremiad", directed the payment of the $125 weekly child support obligation, and also purported to create a "First Trust," funded by the proceeds from the sale of a home, to pay for the testator's child support obligation and for four years of college education. The creation of the First Trust, however, was conditioned on whether Tad received additional funds from other sources, such as the alternative death benefit contemplated at the time of the divorce judgment, as well as any Social Security benefits paid to Tad as a result of the testator's death. In this case, the parties dispute (1) whether the First Trust should be created in light of the total Social Security benefits to be paid to Tad, (2) the effect of Tad's receipt of the Social Security benefits on the estate's obligation for child support, and (3) the effect of the Social Security benefits on Tad's entitlement to share in the residuary estate.

A fair reading of the will indicates that the testator's intent was to provide for Tad as follows: (1) if Tad had no other source of income other than the child support owed by the estate from the date of the testator's death until Tad reached 21 years of age, the First Trust would be created to pay for his college education; (2) if Tad had any additional source of income equal to or greater than the amount of child support owed by the estate from the date of the testator's death until Tad reached 21 years of age, the First Trust would not be created and Tad's college education would be paid for by utilizing that additional source of income; and (3) if Tad had any additional source of income which was less than the amount of outstanding child support owed by the estate from the date of the testator's death until Tad reached 21 years of age, the First Trust would be created to pay for Tad's college education. In this latter event, however, the testator intended that Tad would not receive any additional income from the First Trust for his support, other than the amount of child support due under the divorce judgment.

The evidence demonstrated that the total amount of Social Security benefit payments to Tad from the date of the testator's death until Tad reached 18 years of age, although estimated, was less than the estate's total obligation for child support from the date of the testator's death until Tad reached 21 years of age. As a result, the Surrogate properly determined that the First Trust had to be created to provide for four years of college tuition and board for Tad (*see, Matter of Fabbri,* 2 NY2d 236, 240; *Matter of McNab,* 163 AD2d 790, 791).

In light of the testator's intent, the Surrogate erred in

determining that the total amount of Social Security benefits to be paid to Tad should be credited against the estate's total obligation for child support. This interpretation of the will would violate the testator's intent, as the Social Security benefits would, in effect, be converted into child support payments and then counted as estate "assets" for the calculation of Tad's theoretical fair share for purposes of distributing the residuary estate pursuant to Clauses "Sixth A", "Sixth B", "Sixth C", and "Sixth D".

As a result, the estate remains obligated to pay from the income of the First Trust the sum of $125 for weekly child support from the date of the testator's death until Tad reaches the age of 21, pursuant to the will and the divorce judgment. However, pursuant to the testator's overall intent, that child support obligation should be paid out of the First Trust and used exclusively for Tad's college education. In making this determination, we do not reach any issue as to whether, as a matter of law, Social Security benefits paid to a child as a result of the parent's death can be credited toward an estate obligation for child support (see, e.g., Board v Board, 690 SW2d 380 [Ky 1985]; In re Marriage of Meek, 669 P2d 628 [Colo Ct App 1983]; Bowden v Bowden, 426 So 2d 448 [Ala App 1983]; Gilford v Wurster, 24 Ohio App 3d 77 [1983]; cf., Matter of Graby v Graby, 87 NY2d 605; Matter of Kummer, 93 AD2d 135, 139; In re Estate of Patterson, 167 Ariz 168 [1991]).

The Surrogate properly included the total amount of Social Security benefits to be paid to Tad as assets of the residuary estate, and properly determined that Tad was precluded from sharing in the residuary estate because the total amount of projected income from Social Security benefits exceeded Tad's theoretical "Fair Share Result" as defined by the will.

We have considered all of the parties' remaining contentions and find them to be without merit. Miller, J. P., Ritter, Krausman and McGinity, JJ., concur.