highway rights; for, although it was offered in evidence and marked "Plaintiff's Exhibit I," it does not appear in the record.

The appellant makes a point that no order laying out the highway was filed and recorded in the town clerk's office, as provided by section 191 of the highway law (chapter 30, Laws 1909 [Consol. Laws, c. 25]), relating to lands dedicated to a town for highway purposes. The provision in question, however, is not mandatory, and in any event failure to comply therewith could not operate to make the defendants trespassers.

The judgment should be affirmed.　　All concur.

---

## In re WEED'S WILL.

(Supreme Court, Appellate Division, Third Department.　March 8, 1911.)

1. WITNESSES (§ 140*)—COMPETENCY—"PERSON DERIVING AN INTEREST."

The wife of deceased's beneficiary and proponent of the will was a "person deriving an interest" under decedent, within Code Civ. Proc. § 829, so as to make her testimony as to communications or transactions with decedent incompetent in a will contest, since, if the will be valid, she has an inchoate right of dower in the land devised to her husband.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 608; Dec. Dig. § 140.*

For other definitions, see Words and Phrases, vol. 4, pp. 3692–3709; vol. 8, p. 7691.]

2. WILLS (§ 390*)—PROBATE—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Under Code Civ. Proc. § 2545, providing that no decree of the surrogate shall be reversed for error in admitting or rejecting evidence, unless it appears to the appellate court that exceptant was necessarily prejudiced thereby, the appellate court must be satisfied that the admission of the evidence excluded would have changed the result, in order to reverse for the admission of incompetent evidence on a probate appeal.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 862; Dec. Dig. § 390.*]

3. WILLS (§ 374*)—WILL CONTEST—APPEAL—PROCEEDINGS ON APPEAL.

Under Code Civ. Proc. § 2586, providing that, where an appeal is taken upon the facts, the appellate court has the same power to decide fact questions as the surrogate, and may in its discretion receive further evidence, the Appellate Division may examine and determine the case anew upon appeal to it from a decree of the Surrogate's Court admitting a will to probate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 840; Dec. Dig. § 374.*]

4. WILLS (§ 709*)—DEVISEES—PERSONS INTERESTED.

An attorney or confidential adviser of testator may take as legatee or devisee, though the will be drawn by himself.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1690; Dec. Dig. § 709.*]

5. WILLS (§ 163*)—BURDEN OF PROOF—FRAUD.

Where the relation which persons interested in a will occupy to each other is sufficient to raise a presumption of fraud, the burden is upon the party claiming a benefit under the will to show that it was free from fraud or undue influence.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 390–395; Dec. Dig. § 163.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. WILLS (§ 166*)—UNDUE INFLUENCE—SUFFICIENCY OF EVIDENCE.
    Evidence in a will contest *held* to show that the will was not executed through the undue influence of the principal beneficiary, who was an attorney and drew the will.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 428; Dec. Dig. § 166.*]

Appeal from Surrogate's Court, Essex County.

In the matter of the probate of the last will and testament of Alexander H. Weed, deceased. From a judgment admitting the will to probate, Mary E. Arthur, contestant, appeals. Affirmed.

Appeal by the contestant, Mary E. Arthur, from a decree of the Surrogate's Court of Essex county, entered in the surrogate's office of Essex county September 6, 1910, adjudging that an instrument dated July 28, 1908, and purporting to be the last will and testament of Alexander H. Weed, deceased, was properly executed; that the deceased at the time of executing the same was in all respects competent to make a will, and not under any restraint or undue influence; and admitting the will to probate. Alexander H. Weed died in the town of Ticonderoga, county of Essex, at the age of 65 years and 10 months. He left an estate worth about $15,000. His only heirs and next of kin were his brother, Albert Weed, a sister, Mary E. Arthur, and the children and grandchildren of deceased's half-brothers and half-sisters. His wife died July 16, 1908, 12 days before the execution of the will. He bequeathed $1,000 to a niece, J. Dell Arthur, $500 to a nephew, Joseph H. Arthur, gave all the rest of his property, which consisted of real and personal, to Frank B. Wickes, a brother of his deceased wife, and appointed him the executor of the will.

Argued before SMITH, P. J., and KELLOGG, SEWELL, and HOUGHTON, JJ.

James W. Verbeck, for appellant.
Francis A. Smith, for respondent.

SEWELL, J. The evidence given upon the hearing before the surrogate showed that all the statutory formalities relating to the execution of the will were complied with, and we think that it was sufficient to support the conclusion of the surrogate that the deceased had the capacity necessary to dispose of his property, that he had full knowledge of the will and its provisions, and that the will was not procured by any fraud or undue influence.

It is claimed, however, that the record discloses certain rulings by the surrogate, in the course of the proceedings before him, that were erroneous. Objections were made to the testimony of Charlotte F. Wickes, the wife of the chief beneficiary and the proponent of the will, under section 829 of the Code of Civil Procedure. We think the witness was a person deriving an interest under the deceased, within the meaning of that section; for, if the will is valid, she has an inchoate right of dower in the real estate devised to her husband. Her interest, though contingent, was derived under the deceased, and therefore it can scarcely be doubted that her testimony, so far as it related to communications with the deceased or transactions with him, was inadmissible, and the exception is before us for review.

The last clause of section 2545 of the Code of Civil Procedure pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vides that no decree or order of the surrogate shall be reversed "for an error in admitting or rejecting evidence, unless it appears to the appellate court that the exceptant was necessarily prejudiced thereby." Under this section it is not enough for the appellate court to see that incompetent evidence has been received; but it must also be satisfied that, with the evidence excluded, a different result would have been reached. Snyder v. Sherman, 88 N. Y. 656; Loder v. Whelpley, 111 N. Y. 239, 18 N. E. 874. We have examined the evidence, not only to see whether the exceptant was necessarily prejudiced, but for the purpose of passing upon the question of fact disposed of by the surrogate, in pursuance of the power conferred by section 2586 of the Code. By that section, "where an appeal is taken upon the facts, the appellate court has the same power to decide the questions of fact, which the surrogate had; and it may, in its discretion, receive further testimony or documentary evidence." We may examine and determine the case anew. Gardiner v. Gardiner, 34 N. Y. 164; Burger v. Burger, 111 N. Y. 523, 19 N. E. 99, 21 N. E. 50.

If we reject the testimony of Mrs. Wickes as to the personal transactions and communications with the deceased, in pursuance of this power, the record before us furnishes ample testimony to support the finding of the referee. It shows to our mind that the execution of the will was complete and perfect, that the testator was in all respects competent at the time of executing it, and that he was not acting under any restraint or undue influence.

There is no authority in this state for the proposition that an attorney or confidential adviser is incapable of taking as legatee or devisee, even under a will drawn by himself. In Post v. Mason, 91 N. Y. 539, 43 Am. Rep. 683, it was held that the mere fact that a will contained a legacy to the draughtsman, an attorney, who, at the time of the execution of the will, was and for a long time previously had been the counsel of the testator, did not invalidate the will.

It is true that the relation in which the parties to a transaction stand to each other is often a material circumstance and may of itself in some cases be sufficient to raise a presumption of fraud, and that the burden is then cast upon the party claiming the benefit or advantage of repelling the presumption by showing, either by direct proof or by circumstances, that the transaction was free from fraud or undue influence. Matter of Will of Smith, 95 N. Y. 516. Any suspicion in this case, growing out of the fact that the principal beneficiary was the attorney of the testator and took an active part in the preparation of the will, was rebutted by proof before the surrogate that the disclosed intention of the testator, for a long time before the execution of the will, had been in conformity with the provisions of the will; that the will admitted to probate was an exact copy of one written out by himself, but not signed, because "he had a poor pen and did not like the looks of the paper"; that the attorney was the brother of his deceased wife and his most intimate friend; and that he was not on good terms with his relatives. These and all the other circumstances, surrounding and attending the execution of the will, tend to show that

the testator understood the nature of the act he was performing, and that the will was the free and intelligent expression of his wish and intention.

We think, therefore, that the decree of the Surrogate's Court should be affirmed, with costs. All concur.