In the Matter of the Accounting of Dorothy P. Mayer et al., as Trustees under the Will of William A. Saks, Deceased.

Surrogate's Court, New York County, May 29, 1952.

*Harry F. Mela* for trustees, petitioners.

*Alexander Bicks,* special guardian for June Stern and others, infants, respondents.

FRANKENTHALER, S. Investment problems that have arisen in the course of the estate administration require construction of deceased's will. The fourteenth clause of the will authorizes the trustees to hold investments made by the testator. The fifteenth clause of the will provides: " I hereby authorize and empower my said executors and trustees, the survivor of them or the one alone qualifying as such from and after such time as by sale of assets permitted to be held under the foregoing paragraph there shall remain no greater proportion of the principal of any trust herein created than twenty-five per cent of the amount thereof invested in investments other than such as are prescribed by law, to make such investments with funds of my estate as in their judgment may be advisable without being limited or restricted to such investments for trust funds as are prescribed by law, provided that in no event shall a greater proportion of the principal of any trust herein created than twenty-five per cent of the amount thereof be thereafter invested in investments other than such as are prescribed by law and provided further that such investments, if any, shall be limited to preferred stocks, bonds or other securities of corporations which have continuously declared and paid interest or dividends for at least five years prior to such investment, upon their securities next subordinate thereto."

One question of construction concerns the applicability of paragraph (m) of subdivision 1 of section 21 of the Personal Property Law to the terms of this will. That statutory provision authorizes trustees to invest, within a stated limitation, in the corporate securities described in the statute. It has been held that the statute permits the investment of as much as 35% of a trust fund in the corporate securities defined in the statute provided the balance of the fund is not invested other than in the particular legal investments mentioned in subdivisions (a) through (l) of subdivision 1 of the statute (*Matter of Peck*, 199 Misc. 1051). The position of the trustees in this proceeding is that, by reason of the authorization in the fifteenth clause of the will which permits reinvestment of not more than 25% of the fund in specified nonlegals, the trust estate is divisible for investment purposes into two distinct funds and, in applying paragraph (m) of subdivision 1 of section 21 of the Personal Property Law, the 25% of the fund which may be invested in nonlegals pursuant to the authority contained in the will is to be disregarded in computing the percentage of the estate that may be invested under paragraph (m). This reasoning would allow the trustees to invest 25% of

the fund in nonlegals by explicit permission of the testator and to invest an additional 26¼% of the fund in ineligible securities pursuant to section 21 of the Personal Property Law. The result could be that more than half of the trust estate would be reinvested in nonlegal securities. The court, recognizing that section 21 of the Personal Property Law places no limitation upon the investment powers conferred by the testator's will, holds that the powers granted by the will do not permit of the interpretation suggested by the trustees herein. It was pointed out in *Matter of Peck* (*supra*) that section 21 of the Personal Property Law does not enumerate all types of legal investments and that many investments made available to trustees by the laws of this State are not included in paragraphs (a) through (*l*) of the statute. The cited decision also held that the purchase of legal investments not explicitly made eligible for investment by paragraphs (a) through (*l*) of subdivision 1 of the statute reduces the extent to which a trust fund may be invested in corporate securities under paragraph (m) of the statute. Section 21 of the Personal Property Law requires that, in computing the percentage of a fund that may be invested, under paragraph (m) of the statute, in corporate securities, all authorized investments which are not made eligible for investment by the statute itself must be considered as diminishing the maximum percentage of the fund available under the statute for the purchase of corporate securities. The only exception to the rule of the statute is a contrary direction in a testator's will. The testator herein died in 1931 many years before section 21 of the Personal Property Law was revised to permit fiduciaries to purchase nonlegal securities. It is clear from the testator's will that he intended his trustees to have a limited discretion to invest in nonlegals and the limited authorization is clearly stated in the will. The provisions of the will can readily be applied in conjunction with the statute without in anywise limiting or defeating the testator's directions. Analogous fact situations were considered in *Matter of Bankers Trust Co. (Rice)* (109 N. Y. S. 2d 158), *Matter of Bender* (105 N. Y. S. 2d 15) and *Matter of Guaranty Trust Co. (Loucheim)* (N. Y. L. J., July 30, 1951, p. 165, col. 5). No difficulty need be encountered in applying the provisions of the statute so long as the trustees herein in computing the percentage of the estate that is available for investment in corporate securities under paragraph (m) of subdivision 1 of the statute make the statutory distinction between all investments made eligible by the statute and all other investments, whether legal or nonlegal. Nothing in the testator's will

requires a different interpretation of the trustees' investment powers.

The parties herein are in agreement that shares of preferred stock of R. H. Macy & Co., Inc., received upon a recapitalization of the corporation, are to be held in principal account. The court concurs in the conclusion that the distribution of such shares did not constitute the payment of a stock dividend and that the crediting of such shares to income account would effect an unjustifiable dilution of trust principal. The nineteenth article of the will does not provide that shares of stock received on such a recapitalization be regarded as stock dividends payable to the income beneficiary.

Testator owned shares of stock of a public utility holding corporation and such shares passed into the hands of the trustees herein. Pursuant to the requirements of the Public Utility Holding Company Act (U. S. Code, tit. 15, § 79 *et seq.*) a plan for the dissolution of the holding company was approved by the Securities and Exchange Commission and the United States District Court. Under such plan of dismemberment the shares of the parent corporation were exchanged for shares of the subsidiary corporations and some cash. The trustees inquire as to whether or not they may retain such substituted securities. Concededly the fourteenth article of the will authorizes the trustees to retain securities purchased by the testator. A question now arises only because of the alteration in the form of the investment, whether or not the change was a material one. *Matter of Westerfield* (193 Misc. 443, mod. 278 App. Div. 153, affd. 303 N. Y. 916) was concerned with the effect of the dissolution of a public utility holding company. There the primary question was whether or not a testamentary mandate to retain the deceased's investments applied to shares of subsidiary corporations received in lieu of the shares of the holding company. The courts held that the dissolution effected a material change in the investment which made the direction to retain inapplicable to the substituted securities. The secondary question in the case was whether or not subdivision 6 of section 21 of the Personal Property Law authorized the trustees to retain the substituted securities. The statutory provision exonerates a fiduciary from liability for loss incurred by the retention of ineligible investments received pursuant to the terms of a will provided the fiduciary exercises due care and prudence in the disposition or retention of the investment. It was held in *Matter of Westerfield* (*supra*) that, despite the material change in the original investment, the securities were received pursuant to

the terms of the will within the sense of the statute. The reasoning of the appellate court in the *Westerfield* case is applicable here. The trustees herein were authorized to retain investments made by the testator. While the trustees herein were not subject to a mandatory direction to retain investments and they could have disposed of the securities in question before the dismemberment of the holding company was effected, it is not charged that they acted imprudently in failing to do so. It is held that the trustees are authorized to retain such securities under the rule of prudence and care in their retention or disposition.

Submit decree on notice construing the will and settling the account.