■ In the Matter of the Accounting of HERBERT S. GREENBERG et al., as Executors of HERMAN M. BRALOFF, Deceased, Appellants-Respondents. HENRY R. STERN, JR., as Special Guardian, Appellant-Respondent; KATE BRALOFF, Respondent-Appellant; BRUCE RUBIN et al., Respondents. In the Matter of the Estate of HERMAN M. BRALOFF, Deceased. MORRIS BRALOFF et al., Appellants; HERBERT S. GREENBERG et al., as Executors of HERMAN M. BRALOFF, Deceased, Respondents-Appellants; BRUCE RUBIN et al., Respondents. (Consolidated appeals.) — Proceedings in the Surrogate's Court, Nassau County, (1) to settle the account filed by Herbert S. Greenberg and Maxwell Shmerler, two of the three executors of the estate of Herman M. Braloff, deceased, and (2) to remove Morris Braloff, the third executor of said estate, as said executor and as a trustee, on the application of certain legatees joined in by Greenberg and Shmerler, the other two executors and trustees. In the accounting proceedings, Greenberg and Shmerler, the accountants, and the special guardian, appeal from so much of an order and decree dated January 30, 1956 (one paper) as allows $33,512 on account of a claim of $181,250 filed by Kate Braloff for services rendered to testator, and the claimant appeals from so much of said order and decree as offsets $103,368 against her claim, and from the decision upon which it was entered. In the removal proceeding, Morris Braloff and the special guardian appeal from so much of a decree dated December 29, 1955 as grants the application of the legatees to remove Morris Braloff as an executor and trustee, and Greenberg and Shmerler, the coexecutors and cotrustees, appeal from so much of said decree as dismissed their application to remove their coexecutor and cotrustee. Decree dated January 30, 1956 modified on the law and the facts by striking therefrom everything following the words "hereby is" and by substituting therefor a provision disallowing the claim in its entirety. As so modified, decree affirmed, with costs to Greenberg and Shmerler and the special guardian, payable out of the estate. Findings of fact insofar as they may be inconsistent herewith

are reversed and new findings are made as indicated herein. Decree dated December 29, 1955 modified on the law and the facts by striking therefrom the second, third, and fifth ordering paragraphs and by substituting therefor a provision denying the application of the legatees. As so modified, decree affirmed, with costs to Morris Braloff, Greenberg and Shmerler, and the special guardian, payable out of the estate. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. Each notice of appeal states that the appeal is taken upon the facts as well as upon the law. Hence, this court has the same power to decide the questions of fact as the acting Surrogate had (Surrogate's Ct. Act, § 309; *Matter of Weed,* 143 App Div. 822, 824, affd. 204 N. Y. 611; *Matter of Rogers,* 10 App. Div. 593, 594). As we thus can completely dispose of these appeals on the merits, we do not reach or determine the constitutional questions herein raised (11 Am. Jur., Constitutional Law, § 93; 16 C. J. S., Constitutional Law, § 94; Gerstenberg on American Constitutional Law, p. 84; *Thompson* v. *Wallin,* 276 App. Div. 463, 466; *People ex rel. Rayland Realty Co.* v. *Fagan,* 194 App. Div. 185, 187, affd. 230 N. Y. 653). With respect to the claim of Kate Braloff, in our opinion the proof does not establish an agreement whereby the testator was to pay her $25,000 a year *inter vivos.* If the proof were construed as establishing an oral agreement for a testamentary gift, it would, of course, be unenforcible under the Statute of Frauds (Personal Property Law, § 31; *Rubin* v. *Irving Trust Co.,* 305 N. Y. 288; *Matter of Dawkins,* 201 Misc. 451). Nor do we believe that the proof establishes an agreement for payment of a "reasonable" salary to Kate Braloff plus reimbursement of moneys advanced for household expenses. Even if it did, claimant has already received, in our opinion, more than she would be entitled to on *quantum meruit,* by way of (a) free rent and board for herself and her family, (b) excessive salaries paid to her husband, Morris Braloff, for her use and benefit, and (c) increased bequests to her husband, which under the proof in this case, inure to her benefit as well as his. Consequently, we conclude that the claim should be dismissed in its entirety. With respect to the removal of Morris Braloff as an executor and as a trustee, it is our opinion that he was not guilty of such misconduct in connection with his wife's claim as would warrant his removal. In the various disputes between him and his coexecutors, it is impossible to tell from this record who was right and who was wrong. There has been no showing that Morris Braloff's actions or the disharmony between the executors endanger the estate or even seriously impede its administration. Moreover, we believe that testator's final wish that Morris Braloff serve as an executor and as a trustee should not be overridden, particularly since he is the only member of testator's family named as fiduciary, the other two fiduciaries being business acquaintances with adequate knowledge of testator's business affairs but with relatively little of his family affairs. And a knowledge of family affairs is important here, as the members of the family are the beneficiaries of the large testamentary trusts which, by the terms of the will, may be freely invaded in the discretion of the trustees. Consequently, we conclude that the petition of the legatees to remove Morris Braloff should be dismissed on the merits. The "application" of Greenberg and Shmerler to remove Braloff was properly dismissed by the acting Surrogate, as executors or trustees have no status to apply for removal of a coexecutor or a cotrustee (Surrogate's Ct. Act, §§ 99, 314; *Matter of Parnes,* 263 App. Div. 872; *Matter of Bloomingdale,* 171 Misc. 843, affd. 258 App. Div. 952). Appeal from decision dismissed. No appeal lies from a decision. Ughetta, Hallinan and Kleinfeld, JJ., concur; Beldock, Acting P. J., concurs in the modification of the decree dated

December 29, 1955, but dissents from the modification of the decree dated January 30, 1956, and votes to modify said decree by increasing the award to claimant to $71,630, with the following memorandum: Assuming that the decree in the accounting proceeding is appealable despite our holding to the contrary in *Matter of Flanagan* (262 App. Div. 903), I would affirm so much of the finding that the claimant is entitled to reimbursement for household expenses and would award to her the full amount of such expenses as found by the acting Surrogate, without deduction. Murphy, J., concurs in the modification of the decree dated January 30, 1956, but dissents from the modification of the decree dated December 29, 1955 and votes to affirm said decree on the ground that Morris Braloff has shown himself to be wholly unreliable.