S. Samuel Di Falco, S.
The executors, who also are trustees under the will, request that the seventh and eighth articles of that instrument, insofar as such provisions pertain to the retention of investments and the making of reinvestments, be construed. The seventh article authorizes the fiduciaries to retain any investments made by the testator in his lifetime and this authorization, if it were standing alone, would be a grant of permission to the fiduciaries to continue such investments in the exercise of due care and prudence (Matter of Clark, 257 N.Y. 132, 135; Personal Property Law, § 21, subd. 6). The eighth article directs the fiduciaries to invest and keep invested at least one half of the estate in 1 ‘ legal investments ’ ’, which the testator defined as 1 ‘ investments of the character prescribed by the laws of the State of New York and/or any cash and/or any money in bank ’ ’, and to invest and reinvest the balance in their discretion. At this point in the reading of the will it could be concluded that the testator’s purpose was to permit the retention of his own investments in any amount but to restrict investments to nonlegals in an amount not exceeding half of the fund (Matter of Hirschman, N. Y. L. J., May 10, 1943, p. 1821, col. 5). However, the second paragraph of the eighth article is a clear limitation upon both the retention of nonlegal investments and upon the character of reinvestments, for that paragraph directs that the executors shall “ within a reasonable time after they have qualified, determine to the best of their ability the values of the properties constituting my estate, and on the basis of such values shall make whatever changes, if any, they shall deem necessary in the investments constituting my estate in- order that at least one half of my estate shall be in legal investments as above defined. On or about the anniversary of my death and each year thereafter my Executors and Trustees shall again determine to the best of their ability the values of the properties constituting my estate and the principal of the trust funds hereby created, and shall within a reasonable time after each such annual valuation has been made, make whatever changes, if any, they shall deem necessary in order that at least one-half of my estate and at least one-half of *389 the principal of each of the trust funds hereby created shall be legal investments as above defined.”
The obvious purpose of the above-quoted direction was to place at least one half of the estate in legal investments within a reasonable period after the qualification of the executors and, in order that such balance should be maintained, to require annual revaluation of assets and thereafter such changes as might be necessary to restore the prescribed proportions between legáis and nonlegals. The testator’s direction does not permit retention of nonlegals in excess of half of the fund, whether such investments were made by him or by the fiduciaries, and his direction is not limited to new investments for, had such been his purpose, he would not have required his fiduciaries to “make whatever changes ” shall be necessary each year to correct an imbalance.
The will was executed prior to the enactment of subdivision 1 (par. [m]) of section 21 of the Personal Property Law which permits limited investments in securities theretofore regarded as nonlegals and a question is raised as to whether this statutory provision is an additional grant of authority which permits this type of investment to be made at a time when half of the fund is invested in nonlegals with the result that 50% of the fund would be in nonlegals pursuant to the clear authority of the will and an additional 17%% of the fund would be in ineligible securities pursuant to the authority of the statute. Such a result would appear to be in direct conflict with the investment plan of the testator and, as stated in paragraph (n) of subdivision 1 of the statute, it is his direction rather than the statutory direction that is controlling. Accordingly, it is held that the statute does not expand the authority granted by the will with respect to ineligible investments (Matter of Saks, 202 Misc. 130).
Proof of the personal claim of the corporate fiduciary may be submitted in the form of an affidavit.
Proceed accordingly.