S. Samuel Di Falco, S.
This is a proceeding for the settlement of the accounts of the trustees of trusts under the will for the benefit of five beneficiaries. In addition to the settlement of the accounts, construction of the will is requested in connection with the limitations on the investment authority of the fiduciaries and the application of one of the trustees for leave to resign is also before the court.
In Paragraph Twenty-Second of his will the deceased provided as follows: ‘1 My Executors and Trustees and their *298 successors are authorized and empowered * * * To invest and reinvest the principal of the trusts herein created in securities permitted by law for investment of trust funds, except that they are empowered to purchase preferred and common stocks listed on the New York Stock Exchange providing such preferred and common stocks have regularly paid dividends for a continuous period of ten years during the time prior to the purchase thereof, and providing further that the total amount of such preferred and common stocks shall not exceed twenty-five (25%) per cent of the corpus of any of the trusts at any time. In the computation of the said twenty-five (25%) percent of the corpus of any trusts, any stock of any one of my corporations, such as National House & Farms Ass’n., Inc. and Troy Hills, Inc., or their subsidiaries, shall be excluded. In no event shall my Trustees purchase railroad bonds or mortgages other than first mortgages encumbering improved income producing property not in excess of sixty (60%) percent of the appraised value. It is my wish that they procure the advice of a competent investment counsel.” The trustees take the position that under these directions they are authorized to invest in those securities falling within the limitations imposed by section 21 (subd. 1, par. [m]) of the Personal Property Law and that in the computation of the 35% base prescribed in that section they are entitled to disregard their holdings acquired from the testator in the stock of his closely held corporations. In both of these contentions the court holds that the petitioners are correct.
The instructions of the testator constitute an authorization rather than a restriction, a situation which has uniformly been held to result in the imposition of the standards of section 21 (subd. 1, par. [m]) of the Personal Property Law as the guide and rule for fiduciary investments. (Matter of Sanford, 149 N. Y. S. 2d 500; Matter of Hilliard, 197 Misc. 1094; Matter of Saks, 202 Misc. 130.) The testator in authorizing investments by his fiduciaries in common stocks to the extent of 25% of the corpus of each of the trusts excluded as an element in the formula for computation “ any stock of any of my corporations.” This direction quite clearly manifests upon his part an intention to treat the securities of his own corporations as entirely distinct from the other assets left to his trustees. Since he is charged with knowledge of the fact that the will is controlled by the statutory formulas contained in section 21 (subd. 1, par. [m]) of the Personal Property Law, his exclusion of his own securities must be read in connection with that section. By doing so, it becomes clear that the investment program will conform to the statutory standards if the closely *299 held stock is ignored in the application of the formula. (Matter of Nevins, 8 Misc 2d 1041.)
The application for the resignation of one of the trustees is approved upon consent of all of the parties and of the special guardian. The allocation of commissions in accordance with the agreement of the fiduciaries is approved.
Submit decree on notice construing the will in accordance with the foregoing and settling the account as filed.