John D. Bennett, S.
Decedent’s will provides for the creation of separate trusts for the benefit of her three daughters, with remainder to their issue. There are presently before this court three accounting proceedings by the Bank of New York, trustee of each of these trusts. A request is made in each proceeding for a construction of part of article “ Tenth ” of the will which states the power and authority of the trustee as follows:
“ Tenth: I hereby authorize and empower my Executors and/or Trustees of each trust hereby created:
“ (a) To retain as investments of my estate and of each of the trusts herein created any and all stocks, bonds or other property, whether real or personal, or undivided interests therein, which I may own at the time of my death or which may *794 be received by my Executors or Trustees, as the case may be, and/or which may form part of my estate or of any such trust.
“ (b) To invest and reinvest the funds which may from time to time form part of my estate or of any such trusts, in such securities or property as my Executors or Trustees may deem advisable, and I direct that they shall not in any way be limited in the investment of funds for my estate, or for any of the trusts herein created, to securities that are legal investments for trust funds under the laws of the State of New York or elsewhere.
“ I hereby expressly direct that my Executors and/or Trustees shall have absolute freedom in the choice of media for investment. Changing economic conditions make it impossible to direct which medium is the best for the investment of an estate. At times it may even seem best to invest all funds in one medium (common stocks, preferred stocks, bonds, real estate, mortgages or some other form of investment) while at others a portion in each may be the best. This being a matter of judgment, I leave the choice to my Executors and/or Trustees in their absolute discretion, except that I direct that my Executors and/or Trustees and/or Administrators with the will annexed make no new investment in any one security, stock or other property involving more than five per cent (5fo) of the trust property in question. This restriction, however, shall not apply to securities which are obligations of the United States. In no event shall any trust company, acting as Trustee under this my will, invest any of the trust moneys in any securities, underwriting or property in which, or in the ultimate success or disposition of which, it has any pecuniary interest.” (Emphasis supplied.)
The trustee requests a construction of paragraph “ Texth ” to permit it to invest in a common trust fund to be established and maintained by it pursuant to section 100-c of the Banking Law as amended.
The second underlined portion becomes important since the testamentary trustee is the trust company in whose common trust fund the money from the trusts is to be invested. With reference to this point, the special guardian reports that the trustee has no interest in the securities and makes no charge for management of the common trust fund, its remuneration being received solely from commissions as trustee of the individual trust funds invested in the common trust fund. The court is in accord with the position taken by the special guardian, that the last sentence of the quoted portion of the will does not prohibit the trustee herein from investing in its common trust fund.
*795 The special guardian for the infant contingent remaindermen of the trusts also points out in his report that, although his examination of the investments comprising the common trust fund reveals that no single investment equals or exceeds 5% of the total assets of that fund at this time, there is no method of controlling or predicting the future investments by that fund. It is therefore possible that the corpus of that fund may in the future be placed in an investment or investments which would exceed the limit of 5% of the corpus under the terms of the decedent’s will.
In reply the trustee contends that an investment in a common trust fund is considered as an entity, and is not ownership of portions of its component parts (Matter of Peck, 199 Misc. 1051).
Section 100-c of the Banking Law, as amended, provides that a trust company may invest, as a trustee, in one or more common trust funds established and maintained by the trust company for that purpose. The net aggregate amount of moneys of any estate or trust so invested shall not exceed $100,000.
In the present case the intent of the testatrix was to insure a diversification of investments. The theory of the common trust fund is just that.
If this court gave a strict construction to the words of the testatrix in this case, it would be forced to hold that since the common trust fund is an entity, and has come to be known as being synonymous with the word “ security ” (Matter of Hoagland, 194 Misc. 803), the trustee could make no new investment of more than 5% of the corpus of the trust in any one common trust fund.
The court has no doubt that such a construction would nullify the actual intent of the testatrix, as expressed by article “ Tenth ” of the will. The Legislature, in enacting section 100-c of the Banking Law intended to provide small investors with the safety of diversified investment through a single medium (Matter of Hoagland, supra).
The will of the testatrix was executed prior to the enactment of section 100-c. The court will'not restrict the trustee from investing in the common trust fund under the terms of this will, when to do so would not reflect the intent of the testatrix (Matter of Harwood, 113 N. Y. S. 2d 587).
The court must consider, however, the effect of the limitation of 5% in any one security, stock or other property, contained in the first underlined portion of the powers. If the common trust fund is treated as “ one security, stock or other property ” under the terms of the will, only 5% of each trust fund could be *796 invested therein. Such a construction would do violence to the intent of the testatrix. The 5% limitation is intended to achieve diversification, and an analysis of the component parts of the common trust fund by the special guardian reveals that no one security, stock or other property constituting such fund exceeds 5% thereof. It would appear that in its present form, the common trust fund could be a valid investment for the funds of each of these trusts up to the amount of $100,000 from each trust.
The objection raised by the special guardian goes beyond this point, being addressed to the fact that the common trust fund may, in the future, violate the restriction imposed by the will as it may alter its portfolio to include a security of more than 5% of the common trust fund, or, when taken with the investments made by the trustee outside of the common trust fund, create a total holding of more than 5% of the trust fund in one security, stock or other property.
It must be recognized that the restriction of the will applies only to “new” investments. However, to permit the testamentary trustee, who is restricted as to “ new ’ ’ investments, to invest the funds of the trust in a common trust fund not so restricted, would enable the testamentary trustee to evade the duties imposed on it by the will.
There is language in Matter of Harwood (supra) which would indicate that a similar percentage limitation was held not to apply to an investment under section 100-c of the Banldng Law. However, in that case, the application of the petitioner was not opposed and the statement of the court regarding such restriction follows a number of other matters concerning reverter interests which seem to be the main consideration of the decision.
In this case, the testamentary trustee and the trustee of the common trust fund are one and the same. While this fact does not affect the legal principles involved, it creates a situation in which the testamentary trustee has immediate and complete knowledge of changes in the portfolio of the common trust fund.
This court therefore construes the will of the decedent to permit the testamentary trustee to invest up to $100,000 from each of the three trusts in its common trust fund, and to retain the investment in such common trust fund so long as no one of the securities, stock or other property of such common trust fund, exceeds 5% of the common trust fund and provided further the aforesaid share when added together with the other investments of the testamentary trust, in no event exceeds 5% of the trust fund. If and when any one security, stock or other property, so exceeds the 5% limitation, the testamentary trustee *797 will be under a duty to dispose of its interest in the common trust fund or hold the same at its peril.
It should be noted that section 100-c of the Banking Law is legal only in instances where the instrument under which such moneys are held does not forbid such holding. This court therefore construes the power to invest in the common trust fund to be legal so long, and only so long, as the common trust fund investments, together with the other investments of the testamentary trusts, do not violate the restrictions imposed by the will.