John D. Bennett, S.
This is an application by the decedent’s widow and sole income beneficiary of one of two trusts (the residuary trust), to withdraw her resignation as sole surviving trustee of the two trusts created by the will, and to remove the present corporate trustee appointed in her place. In addition she requests that her son, who has now reached majority and is the remainderman of the trust and presumptive remainder-man of the other, be appointed with her to act as cotrustee. The corporate trustee and the life beneficiary of the trust created under paragraph third of the will both join in a motion under subdivision 4 of rule 106 of the Rules of Civil Practice to dismiss the petition on the ground that it fails to state sufficient facts to constitute a cause of action.
The petitioner alleges that originally she was appointed together with one Charles R. Bauerdorf as cotrustee of the two *653 trusts, and by reason of the latter’s death, she sought to resign since she was advised that she could no longer continue as the sole surviving trustee and the sole income beneficiary of the residuary trust. Thereafter a decree settling the account was made, and the present corporate trustee was appointed as successor trustee.
Among the reasons stated by petitioner for her application to withdraw her resignation and remove the corporate trustee are: (1) her son, having reached majority, desires to exercise control in the management of the trusts in order to protect his interests as remainderman; (2) petitioner has changed her residence from Florida to New York and is now ready, willing and able to fully resume her fiduciary duties; (3) petitioner and remainderman are ‘ ‘ not completely satisfied that the current income yielded from the trusts, as administered by the Chase Manhattan Bank of the City of New York, successor trustee, is within the intention of the testator to provide his widow and son with sufficient income for their support and maintenance.”
The corporate trustee argues that since the grounds upon which a testamentary trustee may be removed aré limited to those specifically enumerated in sections 99 and 104 of the Surrogate’s Court Act, the petition should be dismissed. While this is true, the express authority of the Surrogate to revoke the letters of a trustee were considerably broadened by chapter 829 of the Laws of 1940, which removed any doubt as to the power of the Surrogate to revoke letters of a testamentary trustee for any cause for which they might be revoked in the Supreme Court (Surrogate’s Ct. Act, § 99, subd. 9). Basically the dissatisfaction with the trustee stems apparently from the realization of insufficient income for the petitioner’s purposes. Although the mere fact that the petitioner is 11 not completely satisfied ” with the current income from the trusts would be insufficient to warrant a removal of the corporate trustee, there is unquestionably some friction and hostility between the corporate trustee and some of the beneficiaries. Under such circumstances, the question arises whether the beneficiaries can force the removal of the trustee. Discussing this problem, the court in Matter of Graves (110 N. Y. S. 2d 763, 767) stated: “ As a matter of law, however, if the respondent trustees establish that they have in all respects conducted themselves properly as trustees and are competent to continue to act as such, the mere fact of friction between them and the beneficiaries is not sufficient cause for their removal * # * If it were, an obstreperous malintentioned beneficiary could cause the removal *654 of a competent trustee through no fault on the latter’s part Accordingly that portion of the petition which seeks a removal of the corporate trustee is dismissed.
The remaining portion of the petitioner’s application seeks to withdraw her resignation as trustee. By decree of this court dated March 25,1954, the petitioner was permitted to resign as sole trustee, and has not acted as such for over six years. In her memorandum, the petitioner quarrels with the average income yield of 3.4% since 1954, “which is less than the rate of interest paid depositors in savings banks. Such was clearly not the intention of the testator, who * * * did not limit his trustees to investments required by law ”. In conferences held on this matter, the corporate trustee has indicated a willingness to have the widow reappointed as cotrustee. If the petitioner and corporate trustee can agree to this, the court would, on their stipulation, appoint the petitioner and/or her son as additional trustee or trustees of the residuary trust. Unless such agreement and stipulation can be reached, this court feels that the appointment of an additional trustee or trustees would merely intensify the friction now existing and interfere with the orderly administration of the trust. While the petitioner is the sole income beneficiary of the residuary trust, it is possible that other persons than her son will share in the remainder. Under such circumstances, the corporate trustee must not only attempt to meet the reasonable investment desires of the petitioner and her son, but must be aware of the interests of possible unknown remaindermen. Under no circumstances would the court appoint an additional trustee or trustees to the trust created under paragraph third of the will, since the income beneficiary of that trust is apparently satisfied with the administration of such trust, and has joined in the motion to dismiss this petition.
Section 167 of the Surrogate’s Court Act provides for the withdrawal of a renunciation of an appointment as testamentary trustee prior to the issuance of letters to another person to fill such position, and also under other circumstances not here relevant. While the statute refers to a withdrawal of a renunciation rather than a resignation, the cases interpreting such statute are, by analogy, just as authoritative on the issues presented here. In Matter of Statler (81 N. Y. S. 2d 916, affd. 276 App. Div. 818, affd. 301 N. Y. 645), the court refused to fill a subsequent vacancy by appointing the petitioner who had previously renounced. There, as here, the petitioner waited for a number of years before changing his position in regard to the appointment. Also there, as here, “No compelling or persuasive reasons are urged or shown by petitioner or established in the *655 affidavits submitted in Ms behalf, which should move the Court to exercise its discretion in favor of his appointment as trustee.” The remainder of the petition, wMch seeks to withdraw petitioner’s resignation, is also dismissed.