Joseph A. Cox, S.
The construction requested in this proceeding requires the determination of the meaning and legal effect of a portion of Paragraph Eighteenth of the decedent’s will which reads as follows: ‘‘ However, I hereby direct that the corporate Trustee shall not invest in or purchase securities which it, or any of its affiliates or subsidiaries, shall have underwritten or organized, or shall have participated in the organization or reorganization of the company or companies issuing or guaranteeing said securities.”
In that part of the will which precedes the quoted text the decedent gave her trustees broad and unrestricted powers of investment. The corporate trustee is now concerned with the testatrix’ admonition against self-dealing contained in the quoted text and, in effect, is asking this court to relieve it from the testatrix’ restrictions on its investment powers. The request for absolution from possible surcharge for .violation of the testatrix’ direction is based upon the seemingly reasonable ground that the present corporate trustee and its affiliate, the First National City Bank of New York, are composite corporate *180 structures which are the result of many mergers and consolidations over the past century. The corporate trustee contends that it is well nigh impossible to ascertain whether any of its subsidiaries, its affiliates or the banks which merged and consolidated into the present corporate body ever acted as underwriters or organizers of corporations in which there now may be occasion to invest the trust funds. Of course, the difficulty of obtaining such information also points up the improbability of an objection to an investment upon this ground for certainly, if the trustee lacks records of its own history, a trust beneficiary would not be likely to have better sources of information. It would seem for this reason alone that the question presented is largely academic.
The fact is that this testatrix has placed limitations upon the investment authority of the trustee, and whatever motivated the testatrix in this regard, the court is without power to relieve the trustee from the terms of the will. It seems doubtful that in the actual administration of the trust these limitations will present a serious problem inasmuch as there must be many securities available for investment which the corporate trustee knows to be outside the limitations of the will. In any event all that can be required of the trustee is that it act in good faith, exercise judgment and prudence and that it scrupulously avoid any conduct that, within the information available to it, can be regarded as self-dealing within the definition of the decisions (City Bank Farmers Trust Co. v. Cannon, 291 N. Y. 125; Matter of Durston, 297 N. Y. 64) and as further defined by the testatrix.
The second question raised by the corporate trustee is whether the prohibitions contained in the quoted text of the will bar the investment of the trust funds in its own common trust funds established pursuant to the provisions of section 100-c of the Banking Law of the State of New York. It is held that the investment limitations in the will do not prohibit such investment.
The establishment of common trust funds pursuant to the Banking Law and the investment in a common trust fund created by the corporate trustee cannot be regarded as self-dealing. The corporations in which investments are made are not controlled by the corporate trustee and are selected for either their potential growth or basic investment value with respect to dividend return. The funds of common trusts are usually broadly invested and cover almost every phase of this country’s economic development. The Banking Board of the State of New York strictly controls and regulates the common trusts established by trust companies and among other things expressly *181 prohibits the trust companies from the investment of their own funds in the common trusts. It also prohibits a common trust fund from acquiring more than 5% of any corporation’s outstanding shares. It is obvious therefore that the corporations in which the common trust funds are invested cannot be controlled by the corporate trustee and that the said corporate trustee can in no way be involved in self-dealing by the investment of these funds in any of its common trusts established pursuant to section 100-c of the Banking Law.
The personal claim of the executor will be set down for a hearing before me on May 17,1961 at 10:30 a.m.