S. Samuel Di Falco, S.
This is a proceeding to construe the will, principally as to paragraph Fourteenth which provides:
“ fourteenth : I authorize and empower my Executors and Trustees to retain any investment which may he part of my estate in the same form in which it shall be received, whether or not the same be legal for trust funds under the laws of the State of New York. With respect to new investments and reinvestments I authorize and empower my Trustees to make the same, without being limited to investments prescribed by law for trust funds, to the extent of twenty-five per cent (25%) of the principal of any trust fund created hereunder, but they shall be limited to investments prescribed by law for trust funds as to the balance of the principal of the trust fund. I also direct that not more than ten per cent (10%) of the principal of any trust fund shall be invested in the obligations of any one non-governmental corporate entity.”
Three questions arise: (1) Have the executors the same powers respecting new investments and reinvestments as the trustees? (2) Can they invest in addition to the 25% mentioned, another 35% of the balance of 75% in nonlegals, or a total of 51%% of the entire principal? (3) Does the 10% limitation apply to common trust funds ?
As to (1) the court holds that since the will is silent respecting investment powers of the executors they may make only such investments as permitted by section 21 of the Personal Property *961 Law (Matter of Katte, 106 N. Y. S. 2d 155; Matter of Hilliard, 197 Misc. 1094). The contention that omission of 11 executors ” from the authorization to the trustees was inadvertent does not find support in any other language of the meticulously drawn will.
As to (2), investment powers of the trustees, it is contended that the restriction to investing only 25% of the principal of any trust fund in nonlegals is permissive and not mandatory. The presence of such language in wills, permitting investment in nonlegals of less than the 35% authorized by Personal Property Law (§ 21, subd. 1, par. [m]), has been held repeatedly by the courts to mean that no greater limitation will be imposed than if the will were .silent in this respect and the trustees may invest in such securities up to 35% (Matter of Kline, 21 Misc 2d 297; Matter of Bry, 126 N. Y. S. 2d 682; Matter of Marquand, 203 Misc. 284; Matter of Louchheim, 116 N. Y. S. 2d 61; Matter of Saks, 202 Misc. 130). This the special guardian concedes, but petitioners further contend that, for investment purposes, each trust fund may be divided into two separate funds and that 25%, plus 35% of the remaining 75%, or a total of 51%% of the entire fund may be invested in nonlegals. ¡Such argument was presented unsuccessfully in Matter of Sales {supra) where it was held that, absent an express contrary provision in the will the trustees would ordinarily be bound by the provisions of the statute.
It is true that in those cases the will antedated the enactment of section 21 (subd. 1, par. [m]) of the Personal Property Law, whereas in the instant case the will was executed thereafter. However, even though testator is presumed to have known of the provisions of that section that, absent any testamentary provision to the contrary, a fiduciary is authorized to invest up to 35% in nonlegals, and to have made his will with them in mind, the language of the instant will shows no intention on Ms part to limit the trustees strictly to 25% investment in nonlegal securities.
The court holds that the trustees herein are authorized to invest 25% of the fund in nonlegals, but if all other investments, remaining after such 25% investment in nonlegals, are those enumerated by paragraphs (a) to (1) of subdivision 1 of section 21 of the Personal Property Law, the trustees may invest 10% thereof in investments authorized by paragraph (m). If, however, 35% of the investments by the trustees are in securities not referred to in paragraphs (a) to (1), whether or not some or all of such investments may be legáis, no investment under paragraph (m) may be made. The availability of paragraph (m) *962 investments will be determined by how much of the fund is invested in paragraphs (a) to (1) type securities.
In other words, in computing the percentage of each trust fund which may be invested in securities authorized under said paragraph (m), any investments held by trustees which are not eligible under paragraphs (a) to (1) inclusive of said subdivision 1 of section 21 of the Personal Property Law, even though authorized by the terms of the will, must be considered as diminishing the maximum percentage available for investments in securities permitted by paragraph (m).
The court further holds that the restrictions in paragraph fourteenth that not more than 10% of the principal of any trust fund shall be invested in any one nongovernmental entity indicates testator’s wish for diversification of investments and was not intended as a limitation on investments in common trust funds as permitted by section 100-e of the Banking Law. Such investment is not equivalent to one ‘ ‘ in the obligations of any one non-governmental entity ’ ’. However, all other investments are subject to the restriction (Matter of Harwood, 113 N. Y. S. 2d 587; Matter of Dugmore, 23 Misc 2d 792.)
A construction is also prayed for as to the provisions of paragraph seventh of the will respecting annuities, and petitioners seek instructions concerning clauses to be inserted in the policies they are negotiating with the insurance companies. The court holds that as to subdivisions D and G of said paragraph testator intended that if a deceased brother or sister died without issue his or her share would go in equal shares per stirpes to the survivors and to the issue of a deceased brother or sister. As to subdivisions D, F and G the court holds that testator intended that if the annuitant died with moneys still payable and that if all the beneficiaries named to take are also at that time deceased said sums should be paid the executors herein to be disposed of in accordance with the further order of the court. The contracts to be entered into may provide for such contingencies.
Construction was originally requested as to a charitable legacy under paragraph sixth of the will to an unincorporated association. This has become academic by reason of its incorporation within the time allowed under section 47-e of the Decedent Estate Law. The legacy may now be paid to Metropolitan Post No. 164, Jewish War Veterans of the United States of America, Inc.