Otto 0. Jaeger, S.
The court is requested to construe the decedent’s will to determine the investment powers of the trustee.
In paragraph “ tenth ” of the will the testator provided:
tenth:
Without limitation of the powers conferred upon them, or either of them, by statute or general rules of law, my Executors and Trustees are specifically authorized and empowered:
(1) To retain any property held by me 'at the time of my death until such time as they or either of them may deem advisable in their absolute discretion, but my Executors and my Trustees, in investing the cash proceeds of the sale of any such property, shall be restricted to the extent of Seventy-five (75%) Per Cent of such proceeds to investments permitted to Trustees under the laws of the State of New York;
•S % •%
In general, to exercise all powers in the management of my estate and any trust hereunder which any individual could exercise in the management of similar property owned in his own right, upon such terms and conditions as may seem best to my Executors or Trustees, except that my Executors and Trustees shall be restricted to the extent of Seventy-five (75%) Per Cent of the assets of my estate and any trusts hereunder to investments permitted to trustees under the laws of the State of New York. As to the other Twenty-five (25%) Per Cent of the assets of my estate, my Trustees and Executors shall have the power to invest the same in any stocks, bonds, notes or other securities and property, real or personal, notwithstanding that such investments may not be of the character allowed to executors or trustees by statute or general rules of law, it being my intention to give the broadest investment powers and discretion to my Executors and Trustees with respect .to Twenty-five (25%) Per Cent of the assets of my estate, except that, notwithstanding any restrictions on investments herein contained, my Executors and Trustees may retain any of my property coming into their hands in the same form of investment as that in which it may exist at the time of my death.
The court rejects that construction which would permit the trustee to invest 25% of the fund in nonlegals as expressly authorized by the will and, in addition, invest up to 50% of the remaining 75% in corporate securities of the type permitted by EPTL 11-2.2 (subd. [a], par. [1], subpar. [0]). Such a construction, which considers the trust as divided into two separate funds for investment purposes with the result that more than half of the trust estate could be invested in securities other than those of the fixed income type enumerated in sub-paragraphs (a) through (1) of the former statute, was advanced unsuccessfully as to similar will provisions in Matter of Saks (202 Misc. 130) and Matter of Rosenthal (37 Misc 2d 959).
*734 Except for authorizing Ms trustee to retain investments in the form in wMeh they existed at the time of his death, and to invest 25-% of the trust fund without regard to statutory restrictions, the testator limited his trustee to investments permitted “ under the laws of the State of New York Such investments are those described in EPTL 11-2.2 (subd. [a], par. [1]).
Subparagraph (0) of the statute permits investments in certain corporate securities in addition to those enumerated in subparagraphs (A) through (N). It provides, however, that no investment in corporate securities shall be made pursuant to the provisions thereof which will cause the aggregate market value of all investments “ not made eligible by the preceding subparagraphs ” to exceed 50% of the aggregate market value of the entire trust fund. Although investments in nonlegals are authorized by the terms of the will, subject to the 25% limitation contained therein, such investments are not “ made eligible ” by the subparagraphs “ preceding ” sub-paragraph (0). It follows that any investment in nonlegals authorized by the will, as well as any other investments not made eligible by subparagraphs (A) to (N), must be considered as reducing the portion of the trust fund available for investment in securities made eligible by subparagraph (0).
The court holds that the trustee may make investments not authorized by statute, provided that at the time of the making thereof such investments shall not exceed 25% of the aggregate market value of the corpus. In addition it may invest a portion of the fund in securities made eligible under subparagraph (0) of the statute, provided that the total amount invested in securities which are not enumerated in subparagraphs (A) through (N) does not exceed 50% of the aggregate market value of the entire corpus at the time of such investment.