■ In the Matter of the Estate of ROBERT VENNER, Deceased. ERNESTINE VENNER et al., Appellants; MARINE MIDLAND BANK, N. A., as Trustee of the Estate of ROBERT VENNER, Deceased, Respondent. [653 NYS2d 150] —Cardona, P. J. Appeals (1) from an order of the Surrogate's Court of Broome County (Thomas, S.), entered October 4, 1995, which granted respondent's motion for summary judgment and dismissed the petition for removal

of respondent as trustee, and (2) from the judgment entered thereon.

Robert Venner (hereinafter decedent) died in August 1988, leaving a last will and testament which bestowed a pecuniary bequest to his grandchildren and directed that all of his real estate and tangible personal property pass to his surviving spouse, petitioner Ernestine Venner (hereinafter Venner). Decedent bequeathed the remainder of his estate as follows: 25% to his two children, petitioners Robert D. Venner, Jr. and Jacqueline Keenan, to be shared equally, and 75% to be divided into two equal shares, with each share paid to respondent as trustee. Two trusts were provided for by the will, one of which was for the use and benefit of Venner and Venner Jr., and the second of which was for the use and benefit of Venner and Keenan. The will further provided that, upon the death of Venner, the trusts were to terminate and the principal and any accumulated income were to be paid to the respective surviving trust beneficiary (i.e., Venner, Jr. and Keenan). There were no specific powers or investment direction provided in the will.

In September 1988, decedent's will was admitted to probate and respondent was granted letters of trusteeship. Subsequently, in May 1994, petitioners petitioned for a decree revoking the letters and removing respondent as trustee. Petitioners argued that respondent had improperly applied the assets of the trusts, made improvident and unauthorized investments, and had a conflict of interest. Thereafter, respondent moved for summary judgment dismissing the petition. Surrogate's Court granted respondent's motion and petitioners appeal.

Initially, we reject petitioners' argument that Surrogate's Court was without jurisdiction to determine respondent's motion for summary judgment because the notice of motion contained no return date. The record indicates that petitioners received a letter informing them of the return date within a week after they had received respondent's motion papers. We find, since no substantial right of a party was prejudiced, that Surrogate's Court properly disregarded the procedural irregularity (see, CPLR 2001; see also, Henry v Gutenplan, 197 AD2d 608; Matter of Brown v Casier, 95 AD2d 574, 577; Todd v Gull Contr. Co., 22 AD2d 904; Coonradt v Walco, 55 Misc 2d 557, 558).

Turning to the merits, we conclude that Supreme Court properly granted respondent's motion for summary judgment and dismissed the petition. Contrary to petitioners' argument, we find that respondent has demonstrated, as a matter of law,

that the petition fails to establish a claim upon which relief may be granted and that petitioners have failed to offer proof sufficient to require a trial of any issue of fact (*see,* CPLR 3212 [b]). Significantly, while Surrogate's Court is given discretion to revoke letters of a testamentary trustee pursuant to SCPA 711, courts are required to exercise the power of removal sparingly and to nullify the testator's choice of fiduciary only upon a clear showing of serious misconduct that endangers the safety of the estate (*see, Matter of Braloff,* 3 AD2d 912, 913, *affd* 4 NY2d 847).

Here, we have examined the various arguments advanced by petitioners in opposition to respondent's motion and find them to be unpersuasive. According to petitioners, respondent has invested approximately 95% of the trust funds in its own mutual funds, namely the Tax Exempt Income and Equity Funds of Marine Midland Bank Diversified Investment Funds. Noting that the will does not provide any authorization for investment in mutual funds, petitioners contend that the investment was improper pursuant to EPTL 11-2.2.[1] However, respondent submitted proof establishing that the investments were common trust funds rather than mutual funds; therefore, they were not required to be registered pursuant to EPTL 11-2.2. Notably, the investment of trust funds in common trust funds is authorized when the instrument under which the funds are held does not forbid such investments (*see,* Banking Law § 100-c) and it is not improper per se for a trustee to invest in its own common trust funds (*see, e.g., Matter of Sundheimer,* 29 Misc 2d 179; *Matter of Dugmore,* 23 Misc 2d 792). Since decedent's will does not forbid such investments, petitioners' arguments were properly rejected. While petitioners also contend that the common trust funds themselves invested in mutual funds and other unauthorized investments, such allegations, even if true, do not implicate the trustee's fiduciary responsibilities so as to justify removal (*cf., Matter of OnBank & Trustco,* 227 AD2d 20). At most, the trustee would have to absorb any unauthorized fees (*see, supra*).

---

1. Effective July 17, 1992, EPTL 11-2.2 (b) (1) provides as follows: "A fiduciary holding funds for investment may invest the [funds] in securities of any management type investment company or trust registered pursuant to the federal investment company act of nineteen hundred forty, as amended, in any case in which a court order, the will, agreement or other instrument creating or defining the investment powers of the fiduciary authorizes the investment of such funds in either of the following: (A) Such investments as the fiduciary may, in his [or her] discretion, select. (B) Generally in investments other than those in which fiduciaries are by law authorized to invest trust funds".

Next, petitioners assert that it is a conflict of interest for respondent, who receives a trustee's commission, to receive a further indirect economic benefit by investing the trust assets in funds which are managed by Marinvest (now known as HSBC Asset Management Americas, Inc.), a former subsidiary and now affiliate of respondent. Surrogate's Court noted that respondent pays for Marinvest's services out of its own trustee's commissions and no additional commissions are charged to the various trusts; thus, respondent's actions do not violate the fee restrictions set forth in 3 NYCRR 22.20 (*see*, Banking Law § 100-c [3]).

Petitioners maintain, however, that respondent has violated the requirement that "[a] trust company administering a common trust fund shall have the exclusive management thereof" (3 NYCRR 22.20; *see*, *Matter of Bankers Trust Co. [Siegmund]*, 219 AD2d 266, 270, *lv dismissed* 87 NY2d 1055). However, in fulfilling this mandate, a bank is apparently not forbidden from utilizing investment agents and advisers as long as the trustee bank reviews and approves all investment recommendations and does not delegate any discretionary responsibility (*see*, Comptroller Staff Interpretive Letters, 1978-1979 Transfer Binder, Banking L Rep [CCH] ¶ 85,053; *see also*, 3 NYCRR 22.2).[2] Nevertheless, even if there was some merit to petitioners' conclusory claims of improper delegation, we find no evidence of serious misconduct warranting respondent's removal.

Petitioners also raise a number of additional arguments relating to, *inter alia*, respondent's assessment of fees, expense charges and commissions.[3] Regardless of the merit of these contentions, Surrogate's Court held that, even if they were

---

2. The papers submitted by petitioners indicate that the very issues which petitioners raise regarding the relationship between respondent and Marinvest and the propriety of its investments and transaction methods were thoroughly examined and ultimately rejected in the decennial accounting of, *inter alia*, respondent's Equity Fund Diversified Investment Fund before the Surrogate's Court of Erie County, which was settled by final decree in 1992 (Mattina, S.). The report of the guardian ad litem described respondent's supervision of Marinvest and the safeguards it employed to meet challenges of improper delegation of respondent's duties. The report explored the issue of possible conflict of interest in depth and while the 1992 decree is not binding as to the relationship between petitioners and respondent, we note that the report found no impropriety. Similarly, Surrogate's Court in this case was not persuaded by petitioners' contentions and we find no reason to disagree with its ruling.

3. Petitioners also claimed that respondent improperly charged the trusts for tax preparation fees in addition to its commissions. Surrogate's Court did not consider the issue since all such charges were previously returned to the estate.

true, such conduct did not rise to the level of fiduciary mismanagement which would jeopardize the trust funds and warrant the drastic action of revocation of respondent's letters of trusteeship (*see*, SCPA 711 (2); *see also*, *Matter of Israel*, 64 Misc 2d 1035, 1043; *Matter of Parker*, 27 Misc 2d 652, 653; *Matter of Berri*, 130 Misc 527, 536).[4] Under the circumstances, we find no reason to conclude that Surrogate's Court abused its discretion in refusing to remove respondent as trustee (*see*, *Matter of Simon*, 44 AD2d 570, *lv denied* 34 NY2d 516).

Finally, we are unpersuaded by petitioners' contention that Surrogate's Court improperly entertained respondent's motion while there was an outstanding demand to take the deposition of one of respondent's officers. Service of the notice of motion stayed disclosure pursuant to CPLR 3214 (b) and petitioners failed to specifically set forth how further discovery might reveal the existence of essential and/or material facts, currently within the exclusive knowledge of respondent, which would warrant the denial of summary judgment (*see*, CPLR 3212 [f]; *Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163-164; *Auerbach v Bennett*, 47 NY2d 619, 636; *Delaney v Good Samaritan Hosp.*, 204 AD2d 678, 678-679; *Kracker v Spartan Chem. Co.*, 183 AD2d 810, 813).

The remaining issues raised by petitioners have been examined and found to be unpersuasive.

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, without costs.

---

4. Less drastic alternatives to the removal of a fiduciary include directing the fiduciary to post a bond, surcharging for damages and denying commissions (*see*, Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 711, at 557). Petitioners only requested outright removal of respondent in their petition. Surrogate's Court did note that with respect to any alleged discrepancies as to commissions, "petitioners will be adequately protected by their right to object to the taking and determination of commissions on the final accounting of each trust".